*In re* ASSESSMENT OF THE NORTHWESTERN UNIVERSITY.

*Opinion filed December 16, 1903.*

1. RES JUDICATA—*when question cannot be re-litigated.* Where the constitutionality of a statute has been upheld by a court of last resort the question cannot be re-litigated in a subsequent suit between the same parties by assigning new reasons for holding the act invalid which existed when the decision was rendered.

2. TAXES—*tax exemption provision of charter of Northwestern University is constitutional.* Section 4 of the act of 1855, which exempted from taxation all property belonging to or owned by the Northwestern University, is constitutional. (*Northwestern University v· People,* 99 U. S. 309, followed.)

3. SAME—*property acquired by Northwestern University prior to 1855 is exempt from taxation.* Under section 4 of the act of 1855, amending the charter of the Northwestern University, "all property, of whatever kind or description, belonging to or owned by" said university, acquired prior to said amendment, is exempt from taxation.

AUDITOR'S certificate of appeal from decision of board of review of Cook county.

The board of assessors of Cook county assessed for taxation for the year 1903 certain improved real estate located in the business center of the city of Chicago, owned by the Northwestern University, which is under lease to the Illinois Trust Safety Deposit Company and in use by it for banking and safety deposit purposes. The university filed objections to the assessment with the board of review of said county, upon the ground that the property was exempt from taxation by virtue of section 4 of an act of the legislature approved February 14, 1855, entitled "An act to amend an act entitled 'An act to incorporate the Northwestern University,' approved January 28, 1851," which section reads as follows: "That all property, of whatever kind or description, belonging to or owned by said corporation, shall be forever free from taxation for any and all purposes." The board of review sustained the objections, and ordered that the

assessment upon the fee be vacated and set aside and assessed the leasehold interest to the trust company at the sum of $50,000. The facts were certified by the board of review to the Auditor of Public Accounts and by the Auditor to this court, in accordance with the provisions of section 35 of the Revenue act of 1898.

It is claimed by the board of assessors the property is subject to assessment and taxation on the following grounds: First, the amendment of 1855 to the charter of the university is unconstitutional and void; and second, the real estate in question having been acquired by the university prior to the passage of the amendment of 1855, it is not exempt from taxation.

H. J. HAMLIN, Attorney General, for the Auditor; JOHN C. RICHBERG, for the board of assessors; FRANK L. SHEPARD, for the board of review.

H. H. C. MILLER, and JOHN P. WILSON, for Northwestern University.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

In the case of *Northwestern University* v. *People,* 80 Ill. 333, the question of the constitutionality of the amendment of 1855 to the charter of the university was presented to this court for consideration. That case was a suit between the same parties and presenting the same issues involved here. This court then held the amendment was in conflict with the constitution of 1848, in so far as it exempted property from taxation which was not itself used directly in aid of the purposes for which the corporation was created but which was held for profit, merely, although the profits were to be devoted to the proper purposes of the corporation. The case went to the Supreme Court of the United States, (*Northwestern University* v. *People,* 99 U. S. 309,) where the judgment of

this court was reversed, that court holding that the amendment of 1855 was a valid contract between the State and the university, the obligation of which could not be impaired by any subsequent legislation of the State imposing taxes upon the property of the corporation. That decision remains in full force and effect, and must be held to be decisive of the question now raised as to the validity of the amendment of 1855. By assigning new reasons for holding the act invalid which existed at the time that decision was rendered, the parties cannot re-litigate the question settled by that litigation. In *Umlauf* v. *Umlauf*, 117 Ill. 580, on page 584 the court said: "No principle is better settled than that where a question proper for judicial determination is directly put in issue and finally determined in a legal proceeding by a court having competent authority and jurisdiction to hear and determine the same, such decision and determination of the question will be deemed final and conclusive upon the parties and their privies in all future litigation between them in which the same question arises, so long as the judgment remains unreversed or is not otherwise set aside." And in *Bailey* v. *Bailey*, 115 Ill. 551, at page 557: "As said in *Rogers* v. *Higgins*, 57 Ill. 244, the controversy cannot be re-opened to hear additional reasons which before existed and were within the knowledge of the party, in support of the same cause of action. The principle of *res judicata* embraces not only what actually was determined in the former case, but also extends to any other matter properly involved and which might have been raised and determined in it.". And in *Harmon* v. *Auditor of Public Accounts*, 123 Ill. 122, at page 133: "In *Beloit* v. *Morgan*, 7 Wall. 619, it is said: 'The principle of *res judicata* reaches further. It extends not only to the questions of fact and of law which were decided in the former suit, but also to the grounds of recovery or defense which might have been but were not presented.'"

It is contended the holding in *Northwestern University*
v. *People, supra,* has been modified by the court rendering
that opinion in the case of *Chicago Theological Seminary*
v. *Illinois,* 188 U. S. 662. We do not so understand those
cases. In the opinion filed in the *Seminary case* the two
cases are distinguished, and a different conclusion was
reached in that case from the one in the *University case,* on
the ground that the clauses found in the charters of the
university and seminary exempting the property of said
institutions from taxation were radically different, and
not identical in meaning, as was contended in argument
when the *Seminary case* was being considered. In the *Seminary case,* on page 675 it was said: "The case of *University*
v. *People,* 99 U. S. 309, is no authority for the contention
contended for by the plaintiff in error. In that case the
charter provided 'that all property, of whatever kind or
description, belonging to or owned by said corporations,
shall be forever free from taxation for any and all purposes.' The difference between the two provisions is intrinsic and material. What is lacking in the case at bar
is present in the case cited, namely, a provision exempting all the property 'owned by said corporation.' In the
case before us it is the property 'belonging or appertaining to said seminary,' and the word 'belonging' is construed by the Supreme Court as not synonymous with
'owned by.' Nor is the word 'seminary' regarded in this
connection as the equivalent of the word 'corporation.'"

The only question remaining is, does the amendment
of 1855 exempt from taxation the property of the corporation acquired prior to its passage? In *People* v. *Chicago
Theological Seminary,* 174 Ill. 177, that question was incidentally involved, and it was held that all property belonging to the corporation was in unmistakable terms
exempt from taxation. The language contained in the
amendment is very comprehensive, it being, "all property, of whatever kind or description, belonging to or
owned by said corporation," and is so plain as not to be

open to construction, and clearly exempts all the property of the corporation from taxation acquired prior to the passage of the amendment.

The decision of the board of review setting aside and vacating the assessment as to the fee was clearly right, and it will be approved.                    *Decision approved.*