BEATRICE GREENBERG *et al.* Plaintiffs in Error, *vs.* THE CITY OF CHICAGO *et al.* Defendants in Error.

*Opinion filed October 26, 1912—Rehearing denied Dec. 11, 1912.*

1. RES JUDICATA—*all tax-payers are bound by decree in a proceeding brought by complainants as tax-payers.* All tax-payers are regarded as parties to a proceeding brought by the complainants in their capacity as tax-payers, on behalf of themselves and other tax-payers, to enforce a public right, and the decree is binding upon all tax-payers generally, and is conclusive as to all grounds of recovery or defense which existed and might have been presented and decided.

2. SAME—*when new reasons cannot be urged for holding a law unconstitutional.* Where a law has been held by the Supreme Court to be constitutional in a proceeding brought by the complainants in their capacity as tax-payers or citizens, on their own behalf and for all other tax-payers or citizens who might choose

to join, new reasons for holding the act unconstitutional cannot be assigned in a subsequent proceeding by other persons in their capacity as tax-payers or citizens.

3. CONSTITUTIONAL LAW—*the Municipal Court act of Chicago is not unconstitutional as a whole.* The Municipal Court act can not, in view of the decision in *City of Chicago* v. *Reeves,* 220 Ill. 274, be held in this proceeding to be unconstitutional as a whole.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding.

LOUIS GREENBERG, and K. B. CZARNECKI, for plaintiffs in error.

WILLIAM H. SEXTON, Corporation Counsel, JOHN W. BECKWITH, BRYAN Y. CRAIG, FRANK L. SHEPARD, O. F. SEVERSON, WILLIAM CHONES, and CHARLES H. MITCHELL, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was begun by plaintiffs in error filing a bill in chancery against defendants in error, praying that they be enjoined from issuing warrants, paying out money on account of or further giving effect to the Municipal Court act of the city of Chicago. Plaintiffs in error are described in the bill as owners of property and tax-payers in said city of Chicago, and the bill alleges it is filed on behalf of the complainants therein named and all other tax-payers who may choose to join as complainants. The ground upon which the relief prayed was asked, was that the Municipal Court act was not passed by each house of the General Assembly in the manner required by the constitution.

A brief history of the passage of the act, as alleged in the bill, is as follows: A bill for an act entitled "An act in relation to municipal courts in the city of Chicago" was introduced in the house of representatives on March 3, 1905, as House Bill No. 422. The bill in amended form passed the house on March 9, 1905, and was reported to

the senate, read a first time in the senate on March 14 and
ordered to second reading. On March 15, by unanimous
consent, it was called ·up, read a second time, the title
amended, and the bill was further amended by striking out
all after the enacting clause and inserting sections from 1
to 67 of Senate Bill No. 45, entitled "An act in relation
to a municipal court in the city of Chicago," which had
then been read a second time in the senate but never
reached third reading. The senate amendments to House
Bill No. 422 having been printed, the bill was taken up
on March 16, read a third time in the senate and passed
as amended. The house refused to concur in the senate
amendments, and, the senate refusing to recede, a confer-
ence committee of six members from each house was ap-
pointed to consider the differences between the two houses.
The conference committee agreed upon a report recom-
mending several amendments to House Bill No. 422. The
journals show that the conference committee report was
adopted by each house by a call of the ayes and noes,
which were entered upon the journals of the respective
houses, but the journals do not show that the conference
committee amendments were printed before the report of
the committee was adopted. For the reason that the jour-
nals fail to show the amendments submitted by the report
of the conference committee were printed before they were
adopted, it is alleged the bill was not passed in the man-
ner required by the constitution.

In their answer to the bill defendants in error set up
and relied upon numerous grounds in opposition to grant-
ing the relief prayed. Upon a hearing upon bill, answers
and replications a decree was entered by the superior court
dismissing the bill for want of equity. Complainants be-
low have brought the case to this court for review by writ
of error.

If the decision of the case depended alone upon whether
the Municipal Court act was passed in conformity with

the requirements of the constitution, *Neiberger* v. *McCullough,* 253 Ill. 312, would be controlling. That case, however, under the state of this record, cannot control the decision of this case.

One of the defenses set up in the answer is, that on November 14, 1895, Edwy Logan Reeves filed a bill in chancery in behalf of himself and all other tax-payers who might choose to join as parties complainant, against the city of Chicago for an injunction restraining the city, its officers and agents, from appropriating or paying out of the treasury any money on account of the municipal court, on the ground that the act establishing said court was unconstitutional and void. A demurrer was interposed to the bill, which made the issue the constitutionality and validity of said act. This issue was determined in favor of complainant, the demurrer was overruled and a decree entered granting the relief prayed. Defendant prosecuted an appeal to this court, where such proceedings were had that the decree of the court below was reversed and the cause remanded, with directions to sustain the demurrer. (*City of Chicago* v. *Reeves,* 220 Ill. 274.) The decision in that case holding the Municipal Court act constitutional and valid is relied upon by defendants in error as *res judicata,* and the validity of the act, it is claimed, is not now open to question in this suit. To this contention of defendants in error plaintiffs in error reply that the point here raised was not raised, involved, considered or decided in the *Reeves case,* and the decision in that case cannot be considered as *res judicata* in this case.

One of the points made in the brief of plaintiffs in error is, that no remanding order in the *Reeves case* was filed within two years, and this, it is claimed, amounted to an abandonment of the cause. In paragraph 8 of the separate answer of Homer K. Galpin, clerk of the municipal court, the history of and the proceedings and judgment in the *Reeves case* are set out in detail, and after alleging that

the judgment of the circuit court was reversed by this court and the cause remanded, with directions to the circuit court to sustain the demurrer to the bill, said paragraph 8 alleges "that thereafter further proceedings were had in said circuit court in said cause in harmony with and pursuant to said decision of said Supreme Court therein, and said decree theretofore entered was vacated, said injunction dissolved and said bill of complaint and cause finally determined and dismissed and judgment therein rendered in favor of said defendant thereto," which judgment still remains unreversed and in full force and effect. The evidence heard on the trial of this case in the court below is not preserved in a certificate of evidence, but a stipulation is incorporated in the record reciting what was proven by the respective parties on the trial. Said stipulation is contradictory in some respects, as it recites that it is agreed the defendants proved paragraph 8 of said Galpin's answer, also that no proceedings were had in the circuit court after the reversal of the judgment and remandment of the case by this court. In this state of the record we are disposed to accept the stipulation that paragraph 8 of Galpin's answer was proved.

The question involved and upon which a decision was invoked in the *Reeves case* was the validity of the Municipal Court act. The principal reason assigned (or, as stated by this court, the "main contention" relied on,) by the parties in seeking to have the act declared invalid was, that the constitutional amendment in pursuance of which it was passed was invalid. In the case at bar we are asked to decide the same question,—the validity of the Municipal Court act. The question raised for decision in both cases is the same, but in this case other reasons are urged why the act is invalid than were urged in the *Reeves case*. In both cases the bill was filed by the complainants named, in their capacity as tax-payers, on behalf of themselves and all other tax-payers who chose to join as complainants.

The bill in either case could only be maintained by the complainants as tax-payers, and in that capacity they represented, not individual rights alone, but the tax-payers generally. The right sought to be enforced in both cases was a public right, applicable to all tax-payers in the city. In such cases the people are regarded as the real party. (*County of Pike* v. *People,* 11 Ill. 202.) There is no reasonable or logical distinction between a suit brought in behalf of all tax-payers and a suit brought in the name of the people by relators as citizens, representing the general public, for whose benefit the bill was filed. In such cases the rule applies with particular force that the doctrine of former adjudication is not confined to the questions actually decided, but it extends to all grounds of recovery or defense which existed and might have been presented.

In *Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122, a bill in chancery was filed by certain tax-payers of the town of Mount Morris, praying that certain bonds of said town issued to the Chicago and Iowa Railroad Company be declared null and void for want of power in the authorities to issue them, and that the officers charged with the levying and collection of taxes to pay them be enjoined from levying taxes for that purpose. A previous suit had been brought by Pinckney and other tax-payers of said town after the issue of the bonds had been voted, but before they had been issued, to enjoin the town and its officers from issuing the bonds. Upon a hearing in that case the trial court entered a decree in accordance with the prayer of the bill. An appeal was prosecuted from that decree to this court, and this court reversed the decree and dismissed the bill. (*Chicago and Iowa Railroad Co.* v. *Pinckney,* 74 Ill. 277.) The answer in the *Harmon case* set up the proceedings in the *Pinckney case* as a bar. It was contended that the *Harmon case* was instituted by different parties and the bill raised and relied upon different questions from the *Pinckney case;* that the grounds of at-

tack upon the validity of the bonds in the *Harmon case* were not raised or decided in the *Pinckney case,* and that case, it was insisted, should not be considered *res judicata* of the *Harmon case.* Upon this question the court said, in part, on page 130: "The obligation which rested upon the town to issue bonds to the amount of $75,000 to the railroad company was just as binding by reason of the decision in the *Pinckney case* as though judgment had been rendered in a *mandamus* proceeding or in a suit on the bonds. If this be so, then the complainants, as citizens of the town, cannot, by a proceeding to prevent the collection of a tax to pay the bonds, dispute their validity upon any of the grounds which were or could have been litigated in the Pinckney suit. * * * The present suit was begun by Harmon and others, also tax-payers and property owners of the town, as representatives of the same class for whose benefit the Pinckney bill was filed. The complainants in this proceeding were represented by the complainants in the former suit and are therefore bound by the decree therein entered. The remedy in suits of the character here indicated is in the interest of a class of individuals having common rights that need protection, and in the pursuit of that remedy individuals have the right to represent the class to which they belong. This jurisdiction, in some respects, rests on the principles of a proceeding *in rem.* We therefore think that there is sufficient identity between the parties filing the present bill and those who filed the bill in the *Pinckney case* to justify the pleading of the decree entered there as *res judicata* in this case. The views here expressed are sustained by the following authorities: *State v. C. & L. R. R. Co.* 13 S. C. 290; *Ferry* v. *Town of Waterbury,* 35 Conn. 526; *Sabin* v. *Sherman,* 28 Kan. 289; *Smith* v. *Swormstedt,* 16 How. 303. * * * The opinion in the *Pinckney case* only discusses two points: First, whether the constitution of 1870 prohibited a donation by a town to a railroad where the donation was au-

thorized by a vote of the people before the adoption of the constitution; and second, whether the vote in favor of the Mount Morris donation was void by reason of defects in the petition for the election and in the notice of the election. * * * We are therefore asked to set aside the bonds held by the appellees in this case because the election which authorized their issuance was held at a town meeting presided over by one moderator. The value of a plea of former recovery is not to be determined by the reasons which the court rendering the former decree or judgment may have given for doing so. (*Girardin* v. *Dean,* 49 Tex. 243; *Greathead* v. *Bromley,* 7 T. R. 456; *Barrett* v. *Failing,* 8 Ore. 152; Freeman on Judgments,—3d ed.— sec. 275; *Davis* v. *Talcott,* 12 N. Y. 184.) Nor is such former judgment or decree conclusive only as to questions actually and formally litigated. It is conclusive as to all questions within the issue, whether formally litigated or not. In *Beloit* v. *Morgan,* 7 Wall. 619, it is said: 'The principle of *res judicata* reaches further. It extends not only to the questions of fact and of law which were decided in the former suit, but also to the grounds of recovery or defense which might have been but were not presented.'"

*In re Northwestern University,* 206 Ill. 64, is also in point. That case involved the validity of an act of the legislature amending the act incorporating the Northwestern University, exempting property owned by the corporation from taxation. That question had been litigated in a previous suit in this court which went to the Supreme Court of the United States, where the act in question was held valid. This court said, on page 66: "By assigning new reasons for holding the act invalid which existed at the time that decision [in the former case] was rendered, the parties cannot re-litigate the questions settled by that litigation." In the opinion will be found a number of authorities sustaining that proposition. As sustaining this

view, see, also, *People* v. *Harrison,* 253 Ill. 625, and *People* v. *Whittaker,* 254 id. 537.

Some other questions of minor importance are discussed in the briefs, but as in our view the judgment in the *Reeves case* is a bar to the maintenance of this suit, the superior court could not have properly entered any other decree than one dismissing the bill.

The decree is affirmed.

*Decree affirmed.*