(No. 13140.—Decree affirmed.')

Fred D. Foss, Plaintiff in Error, *vs.* The People's Gas Light and Coke Company, Defendant in Error.

*Opinion filed April 21, 1920—Rehearing denied June 3, 1920.*

1. Corporations—*when judgment against a stockholder is res judicata in a suit by his assignee—laches.* A judgment against a stockholder on a general demurrer to his bill against the corporation for failure to account to him his share of distributions to stockholders during a course of years is *res judicata* in a suit by his assignee on the same alleged breach of duty by the corporation, although he attempts in his bill to overcome the defense of *laches,* which was the basis for sustaining the demurrer in the former suit.

2. Res judicata—*decision of merits of cause of action or defense upon demurrer bars subsequent suit on same facts.* A judgment upon a demurrer for defect in the pleadings will not bar another action for the same cause, but a decision, upon demurrer, of the merits of the cause of action or defense bars a subsequent proceeding upon the same facts.

3. Laches—*when laches appears on face of bill general demurrer presents the merits of that defense.* Laches is a defense which may be taken advantage of by demurrer if it appears on the face of the bill, and in such case a general demurrer presents the merits of that defense.

Writ of Error to the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding.

Lewis, Folsom & Streeter, and Grossberg & Haffenberg, for plaintiff in error.

Cooke, Sullivan & Ricks, (Francis L. Daily, of counsel,) for defendant in error.

Mr. Chief Justice Dunn delivered the opinion of the court:

On April 20, 1905, John P. Foss filed a bill in the circuit court of Cook county against the People's Gas Light and Coke Company, alleging that he was, and had been since 1857, the owner of 1500 shares of the capital stock

of that company, which had during this time declared dividends of stock and money and made distributions of profits among its other stockholders to the exclusion of the complainant, and had failed and refused to inform him thereof or of the times, extent or character of such distributions or to distribute to him his proportionate share thereof, though he had demanded of the company, before bringing suit, his proportion of the stocks, bonds and other securities and properties distributed to stockholders, and also a statement of such acquisitions and distributions and an accounting for the profits of the business and the management thereof. After the bill had been amended a general demurrer of the defendant was sustained to it and it was dismissed for want of equity. The Appellate Court affirmed the decree upon an appeal by the complainant, who then appealed to this court, and the judgment of the Appellate Court was affirmed at the June term, 1909, on account of the unreasonable delay and *laches* of the complainant in seeking relief. A statement in detail of the allegations of the bill will be found in the report of the case. *Foss* v. *People's Gas Light and Coke Co.* 241 Ill. 238.

On October 30, 1915, Fred D. Foss filed another bill in the same court against the same company, praying for the same relief on account of the same 1500 shares of stock, which he alleged had been sold and assigned to him by John P. Foss in 1911. This bill makes substantially the same allegations as the former bill as to the organization and business of the company, its profits, dividends and distributions. It avers that Robert H. Foss was the original owner of the stock; that about 1865 he sold and assigned it to his brother, John P. Foss, the father of Fred D. Foss, and "that in or about the year 1860, and prior to the sale and transfer of said stock to the said John P. Foss, he, the said Robert H. Foss, placed the said three stock certificates in a certain safe or vault then and for many years thereafter in the joint possession and control of the said

Robert H. Foss and John P. Foss, but he, the said Robert H. Foss, was thereafter unable and failed to find and locate the same, and the said John P. Foss, for many years after acquiring the title to the said 1500 shares of stock and to said three certificates, to-wit, until about the year 1901, was unable and entirely failed to find and locate said certificates, and the same were for the first time after the year 1860 first found and located in the said vault or safe accidentally in or about the year 1901, and since the year 1901 the same have been continuously in the possession, custody and control, respectively, of the said John P. Foss and your orator." Instead of the allegations that the complainant had demanded and the company had refused him a statement and distribution of his share of the profits and an accounting of the business, it is averred "that at all times from and after the year 1860 and until the year 1901, while the stock was missing as aforesaid and the whereabouts thereof unknown or unsuspected by the said Robert H. Foss and the said John P. Foss, the defendant company, by divers of its officers and agents, from time to time, and particularly from and after the year 1865, when the said John P. Foss became the owner and holder of the last named stock, repeatedly assured the said Robert H. Foss and the said John P. Foss while they were, respectively, the holders and owners of said stock as aforesaid, that their rights as stockholders were not being forfeited, lost, jeopardized or injured in any manner whatsoever by reason of the failure, for the time being, of locating and finding such last named stock certificates; that any and all dividends, whether of money or of stock, and their rights, privileges and perquisites as stockholders, would be preserved, maintained and safeguarded by the defendant company for and on behalf of the interest, respectively, of the said Robert H. Foss and the said John P. Foss; that after the finding and locating of the whereabouts of the said last named stock certificates in the year 1901, and until the year 1903, and after the said de-

fendant company was informed and notified that said stock certificates had been found and located, the defendant company, by its divers agents and officers, again renewed their assurances that the rights of the said John P. Foss as such stockholder would be fully safeguarded and protected and all duties of the company to him as such stockholder would be fully and faithfully discharged, but insisted that the company required a reasonable time for investigating its books, records and accounts so as to properly inform itself of the duties and obligations it was then owing to the said John P. Foss as such stockholder." The bill then alleges the former suit, attaching as exhibits copies of the bill, the amended bill, the demurrer and the decree, which are made part of the bill by reference, and alleges the judgments of affirmance in the Appellate and Supreme Courts. It is alleged "that except for the proceedings above recited in said circuit, Appellate and Supreme Courts, defendant company at no time refused to recognize either the said John P. Foss or your orator as a stockholder in and of the defendant company, and took no action whatever nor in any way informed or notified either the said John P. Foss or your orator that the said defendant company would repudiate or refuse to recognize or refuse to credit or pay to the said John P. Foss or to your orator, while such owners, respectively, of the aforesaid 1500 shares of stock, all proper demands or obligations to them, or either of them, as such stockholders." The bill alleges that on October 30, 1915, the complainant presented a written demand to the company for an opportunity to examine the books of the company for a proper proportion of all cash and stock dividends, more particularly for payment of all dividends which would have accrued upon his 1500 shares of stock in the ten years last past, and for a transfer of the stock to which he would be entitled upon the surrender of the certificates which he held for the 1500 shares. The company refused the demand, claiming that he was not a stock-

holder, and that it was so adjudicated in the suit which John P. Foss brought against the company. A demurrer was sustained to the bill, it was dismissed for want of equity, and the complainant sued out a writ of error.

The defendant in error relies upon the decree in the suit of John P. Foss as an adjudication which is conclusive of the litigation, as well as upon *laches.* The cause of action in the two cases is the same,—the alleged breach of the duty of the corporation to treat all its stockholders fairly and equally in the conduct of its business and the distribution of its profits. There is a concurrence of all the conditions necessary to render the matter *res judicata,* to constitute the decree a complete bar to the prosecution of a second suit, and to conclude the parties and their privies as to all matters which might have been litigated in the former action,—that is, identity of subject matter, of cause of action, of parties, and of the quality of the persons for or against whom the claim is made. (*Wright* v. *Griffey,* 147 Ill. 496; *Markley* v. *People,* 171 id. 260; 2 Bouvier's Law Dict. 467.) The plaintiff in error, however, insists that the decree is not a bar because it was not an adjudication on the merits but was based upon a defective pleading, and the present bill states a new cause of action not obnoxious to the grounds upon which the demurrer to the former bill was sustained. No new cause of action is stated in the second bill, which was based upon the same failure to permit the stockholder to share equally with other stockholders in the dividends and profits of the corporation. No new fact was stated in this connection but the causes of action in the two bills were identical. The substantial difference between the two bills is, that the second is contradictory of the first in regard to the attitude of the corporation toward the plaintiff in error. The first bill alleged that the complainant demanded his proportion of the dividends and a statement of accounts, which the corporation refused, while the second alleges that except in defending

the former suit the corporation at no time refused to recognize John P. Foss or the plaintiff in error as a stockholder or informed them that it would refuse to recognize them as stockholders or pay all proper demands to them as such, though it did, in fact, for about forty years before the bringing of the first suit pay dividends to the other stockholders but none to Foss. These different allegations do not make two causes of action in the two bills. The refusal to permit John P. Foss or the plaintiff in error to share in the profits of the corporation is the same in both bills, and it is that which constitutes the cause of action alleged in both. When the dividends were declared each stockholder was entitled to receive his proportion, and, like any other debt payable on demand, to maintain a suit for it. The loss of the certificates of stock did not in any way affect the rights of John P. Foss as a stockholder. The same cause of action which the plaintiff in error set out in his bill in 1915 could have been stated by John P. Foss in 1865.

The court did not in the former case hold a demand a condition precedent to the right to sue, but held that if it were, delay in making the demand was *laches* as gross as delay in bringing the suit. No attempt was made to explain this delay by John P. Foss in his bill. The plaintiff in error in his bill has attempted to explain it by the allegations which have been recited in regard to the loss of the certificates from 1860 to 1901 and the assurances made to Robert H. Foss and John P. Foss that none of their rights as stockholders would be prejudiced by the loss of the certificates but that their dividends and all their privileges as stockholders would be preserved. These allegations, whether sufficient to excuse the delay in beginning the suit or not, constitute no part of the cause of action. They in no manner change, modify or affect it. Their only purpose is to answer the defense of *laches*. In a common law suit their place would be in a replication to a plea, and their effect is only on the remedy and not the cause of action.

It is argued that the decision having been rendered on a demurrer sustained to the bill was not an adjudication of the merits of the case but only as to the specific facts stated. We have held that a judgment upon a demurrer for defect in the pleadings will not bar another action for the same cause, but a decision upon the merits of the cause of action or defense upon demurrer will be a bar in a subsequent proceeding upon the same facts. (*People* v. *Harrison,* 253 Ill. 625; *Marie M. E. Church* v. *Trinity M. E. Church,* id. 21.) In the latter case we said (p. 25): "In the bill the Marie church claimed an equitable title in fee simple in the premises and alleged the facts on which that claim was founded. If the appellants had answered and the bill had been dismissed after a hearing in which the facts alleged were proved, it would not be thought that the decision was not on the merits, and it makes no difference whether a complainant is first compelled to prove the facts and the objection is then made that he is not entitled to the relief prayed for or the defendant does not compel the complainant to prove the facts but admits them."

*Laches* is a defense which may be taken advantage of by demurrer if it appears on the face of the bill or a defendant may claim the benefit of it by his answer. In this case the *laches* appeared on the face of the bill and the general demurrer went to the merits of that defense. The court sustained the defense and dismissed the bill on the merits for want of equity. As in the case of the Marie church, if the defendant had answered and the bill had been dismissed after a hearing in which the facts alleged were proved, it would not be thought that the decision was not on the merits.

The decree will be affirmed.      *Decree affirmed.*