(No. 16871.—Decree affirmed.)
EDMUND A. LAMKA, Appellee, *vs.* JAMES H. HOOPER,
Appellant.

*Opinion filed February 16, 1927.*

JUDGMENTS AND DECREES—*when record of judgment is sufficient to support sale under execution.* The facts that the docket of the municipal court of Chicago contains only a brief entry of a judgment without formal words and that the placita recites that court was convened and trial had in the first district whereas the docket was of the second district, cannot, in a partition suit, be relied upon to defeat the rights of a purchaser at a bailiff's sale on execution of the judgment, where a certified copy of the transcript of the record of the municipal court which was introduced in evidence contains the placita for the second district and recites in due form that judgment was had and execution issued therefor.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

JAMES H. HOOPER, *pro se.*

WILLIAM T. DICKERMAN, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellee filed his bill in chancery in the superior court of Cook county for the partition of two lots in Chicago, alleging that he and appellant each had an undivided one-half interest in the lots. Appellant filed an answer claiming to be the sole owner. A decree was entered in the case in accordance with the prayer of the bill, from which decree this appeal has been taken.

Appellee claims title to an undivided one-half interest in the premises by virtue of a bailiff's sale and deed based on an execution issued out of the municipal court of Chicago on a judgment of Leona Solecki for $1000 and costs against Helen Bialek, the owner of an undivided one-half interest in the lots. Appellant contends that this judgment

was not a valid judgment, and claims the entire ownership
of the lots by virtue of a subsequent sheriff's sale and deed
based on a judgment of the circuit court of Cook county
for $120 costs in favor of Leona Solecki against Helen
Bialek and Wojciech Klus, who had the title of record to
the other undivided one-half of the premises.    Appellant
introduced in evidence one of the dockets of the second dis-
trict of the municipal court of Chicago, in which the suit
of Solecki vs. Bialek was brought, which contained a pla-
cita reciting that court was convened in and trial had in
the first district, and which contained an entry as follows:

"1920
May 20    Richardson    Trial *ex parte* by jury verdict deft Helen
                        Bialek guilty as charged in statement of
                        claim    Damages $1000 in Tort.    Judgment
                        on verdict versus defendant Helen Bialek
                        $1000 and costs."

It is contended by appellant that a pretended judgment
which does not recite that plaintiff have and recover of and
from the defendant, or words of as great import, is not a
judgment; that the word "Richardson" on the docket or
record of a pretended judgment is not the name of any
judge of the municipal court, and that the pretended placita
is void in not naming any name of any judge and renders
any judgment rendered below it void, as a judge is a nec-
essary party of any convened court, and that a placita in
a docket or record which recites that the court was con-
vened in and the trial had in the first district of the munici-
pal court of Chicago, whereas the summons was issued out
of and returnable to the second district of that court, shows
the judgment to have been rendered without jurisdiction
and hence void, and that a sale under an execution based
on such judgment is null and void.    The record shows the
docket entry was amplified by the clerk in accordance with
the statute.    There was introduced in evidence a certified
copy of the transcript of the record of the municipal court
of Chicago, in amplified form, of the proceedings in that

court in the case of Leona P. Solecki against Helen Bialek, which contains the placita for the second district of the municipal court of Chicago, and recites that on the 20th day of May, 1920, before Judge John Richardson, in the second district of the municipal court of Chicago, in the case of Leona P. Solecki against Bialek, No. 21701, it was considered by the court that the plaintiff have and recover on the verdict and that the plaintiff have and recover of and from the defendant $1000 damages, and that execution issue therefor. This is the record which controls and it shows the proceedings were regular.

The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*