(No. 21772.—

Wojciech Klus *et al.* Defendants in Error, *vs.* Martin Ruszel *et al.* Plaintiffs in Error.

*Opinion filed June 16, 1933—Rehearing denied October 6, 1933.*

William T. Dickerman, for plaintiffs in error.

Mr. Justice Dunn delivered the opinion of the court:

Wojciech Klus filed his application and amended application in the circuit court of Cook county to have registered in his name, under the Torrens act, title to lots 6 and 7 in block 7 in Charles H. Nix's addition to South Chicago, also known as 10512 Hoxie avenue, Chicago. John Bialek, a defendant, answered and filed his cross-application to have title registered in his name, subject to a lien for the payment of a debt of $2750 to Klus, and to have a deed from Bialek and his wife to Klus declared to be a mortgage securing that debt. Various other defendants answered both the application and the cross-application. The evidence was heard by an examiner of titles, who reported it with his conclusion that a decree should be entered registering the title in Bialek. Objections to the report were made by certain of the defendants and overruled. They were ordered to stand as exceptions, as such were overruled, and a decree was rendered as recommended, finding title in Bialek; that the deed from Bialek and his wife to Klus was intended only as security for the payment of $2750, and that various proceedings relied on by other defendants as sources of title in them to the real estate or interests therein were invalid. A writ of error has been sued out by Bertha F. Hooper, James H. Hooper, W. T. Dickerman, L. Solecki, Leona Solecki, Edward A. Lamka, Martin Ruszel, Mary Ruszel, and Julius F. Smietanka, individually and as trustee.

The following facts appeared from the pleadings and the evidence: Bialek and Klus were of Polish origin and were relatives. In February, 1919, Bialek purchased the property here involved from Olaf Olson and his wife, taking title in himself and Helen Bialek, his wife, in joint tenancy by deed dated February 25, 1919, paying therefor $2700, of which he borrowed $1600 from Klus. He did not at that time give Klus any evidence of the loan to him of $1600. Bialek and his family, consisting of his wife and several children, thereafter occupied the premises as a

homestead. Mrs. Bialek had furnished no part of the consideration. The deed had been drawn in joint tenancy in supposed accord with Bialek's wish to have the title so placed that the property could not be disposed of without the signatures of both himself and his wife and that upon the death of either it would go to the other and no part to the children. Bialek did not speak or write the English language. In November, 1919, Leona P. Solecki brought an action in the municipal court against Mrs. Bialek for slander. On November 17, 1919, during the pendency of this action, John Bialek gave his note to Klus for the $1600 which he had borrowed, and on December 9, 1919, he and his wife conveyed the premises to Klus in consideration of the satisfaction of the note for $1600 and an additional sum of $1150 which Klus then paid to Bialek. Bialek and Klus had an understanding that while Klus might at any time sell the property, yet until he should do so Bialek might buy it at any time for $2750. After the transfer, Klus, who was a bachelor, moved into the house on the lots, living on the upper floor while Bialek and his family occupied the lower floor. Bialek paid Klus rent at $20 a month for three months and then moved out. On May 20, 1920, Leona P. Solecki recovered a judgment for $1000 in her suit against Mrs. Bialek. Execution was issued and levied on Mrs. Bialek's interest in the property, and Mrs. Solecki brought suit to set aside as fraudulent the deed from the Bialeks to Klus so far as Mrs. Bialek's interest was concerned and to subject her interest to the execution. Such a decree was rendered, and Mrs. Bialek's interest was sold on the execution and was conveyed by bailiff's deed on November 1, 1921, to Edmund A. Lamka, a son of Mrs. Solecki, and he took possession of the property. Afterwards, upon an execution issued for the costs in the chancery suit, the interests of both Mrs. Bialek and Klus in the premises were sold to James H. Hooper and a sheriff's deed was executed conveying them to Hooper. Lamka

brought a partition suit in the superior court against Hooper, in which a decree was rendered finding Lamka and Hooper to be equal owners of the property and decreeing partition between them, which was affirmed. (*Lamka* v. *Hooper,* 324 Ill. 426.) Under a decree of sale in that case the property was sold to Martin Ruszel and Mary Ruszel for $4375, the report of sale was confirmed and deed was ordered to issue upon payment of the balance of the purchase price. On February 13, 1926, Lamka assigned his interest in the proceeds of the partition sale to W. T. Dickerman, and the assignment was recorded on April 2, 1927. On March 30, 1927, Lamka and his wife conveyed his interest in the property to Victoria Golniewicz. On April 29, 1925, Hooper and his wife conveyed the property to Gobden G. Gray, who on June 20, 1926, conveyed it to Mrs. Hooper. The plaintiffs in error are all representatives of the Hooper and Lamka interests. The only one of these transactions which affected Bialek's interest was his deed of December 9, 1919, to Klus, for he was not a party either to the action for slander or the suit in chancery to subject the interest of his wife, Helen, to the execution issued on the judgment recovered in that action.

While the partition suit between Lamka and Hooper was pending, Bialek filed his bill on June 26, 1922, in the circuit court against Lamka, Klus, Hooper and Mrs. Solecki to have the bailiff's sale and the proceedings in aid of the execution declared null and void, basing his claim upon the proposition that he had sold the real estate to Klus and conveyed the same to him by warranty deed, and Klus had demanded that he make good on his covenants of warranty. Bialek dismissed this bill, and later, on January 23, 1925, filed another bill against Lamka, Klus, Hooper, Mrs. Solecki and others, setting out the various proceedings which had been instituted respecting the property, praying that the proceedings in the action of Mrs. Solecki against Mrs. Bialek in the municipal court and in the suit of Mrs. Solecki

against Mrs. Bialek and Klus in the circuit court to set aside the deed to Klus be reviewed and that the sheriff's and bailiff's deeds be set aside. Klus filed an answer and a cross-bill, in which he claimed that by the deed of Bialek and his wife to him he acquired their estate of homestead in the property, which was not subject to the lien of Mrs. Solecki's judgment in the municipal court, and prayed for a decree establishing his title free of all claims of Lamka and Hooper. The other defendants, Lamka, Hooper and Mrs. Solecki, filed general demurrers to the bill and the cross-bill, which the court upon a hearing sustained, and the bill and cross-bill were ordered dismissed for want of equity.

The decree of dismissal was entered on June 13, 1925. Klus' present application for registration of the title in him was filed on May 16, 1927, and Bialek's cross-application on May 7, 1930. The answer of the plaintiffs in error alleges the filing of the bill by Bialek on January 23, 1925, in the circuit court and the filing of the cross-bill by Klus, and relies, among other things, upon the decree of dismissal in that case as a final and conclusive adjudication of the rights of the parties. The parties in this case are the same as the parties in the former case or are privies in title and interest with them, the subject matter, cause of action and issue are the same and the quality in which the parties sue or defend is the same. The decision of the former case was upon the merits, and the fact that it was rendered on a demurrer is immaterial. (*Foss* v. *People's Gas Light Co.* 293 Ill. 94.) It is binding on the defendants in error and conclusive of their rights.

The decree is reversed.

*Decree reversed.*