380

JOYCE G. WILCOXEN, Plaintiff-Appellant, *v.* BOARD OF EDUCATION OF CANTON UNION SCHOOL DISTRICT NO. 66, Fulton County, Defendant-Appellee.

Third District No. 3—83—0265

Opinion filed July 18, 1983.

William H. Knuppel, of Lemmer, Boggs, Knuppel & Krebaum, of Havana, for appellant.

Ralph Froehling, of Froehling, Taylor & Weber, of Canton, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

In this action the plaintiff, Joyce Wilcoxen, sought to enjoin the defendant, the Board of Education of Canton Union School District No. 66, from issuing funding bonds to replace income lost due to a claim against the school district's stream of tax revenues. The Fulton County circuit court dismissed the plaintiff's complaint on the basis that the tax resulting from the issuance of the bonds would be authorized by law.

Beginning with the year 1977 and through the year 1979, the Illinois Department of Revenue made substantial assessments of the pollution control facilities located at the Duck Creek Station, a power plant owned by the Central Illinois Light Company. Taxes attributable to the assessments were paid under protest in the years 1978 through 1980. The Fulton County Collector distributed to the school district its *pro rata* share of those taxes. In 1979, amendments were made to section 21a—3 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 502a—3) and as a consequence of that legislation, together

with a decision of the Illinois Supreme Court in *Commonwealth Edison Co. v. Department of Local Government Affairs* (1981), 85 Ill. 2d 495, 426 N.E.2d 817, the Department of Revenue determined virtually to eliminate the previously described pollution control assessments.

The prior distribution of taxes to the Canton Union School District resulted in what the parties have described as either a loss of revenue, a liability or an unpaid claim in the amount of $1,228,365. On October 18, 1982, the defendant board of education passed a resolution authorizing the issuance of funding bonds in the amount of $1,225,000 pursuant to article 19 of the School Code (Ill. Rev. Stat. 1981, ch. 122, pars. 19—1 through 19—31) for the purpose of having funds on hand to satisfy the claim of liability arising out of the previously described circumstances.

On December 15, 1982, Hoyt Wilcoxen filed a complaint for declaratory judgment against the defendant board of education alleging that he was a resident of the school district, a registered voter and a taxpayer. The principal allegations of the complaint were that the defendant school board intended to issue $1,225,000 of funding bonds pursuant to article 19 of the School Code (Ill. Rev. Stat. 1981, ch. 122, pars. 19—1 through 19—31), that certain petitions were filed by residents of the school district asking for a referendum on that proposition, that a local electoral board prompted by an objector's petition from another group of taxpayers had issued a decision that the Wilcoxen petitions were invalid, that a notice was published by the defendant board of education stating the intent of that board to issue bonds to fund and have on hand an amount necessary to meet unpaid claims and that on the date of the adoption of the resolution to issue the bonds no unpaid claims were in existence. Wilcoxen sought a judgment to the effect that the resolution of the defendant school board was void in that it was not authorized by article 19 of the School Code, and, further, that the decision of the local electoral board sustaining other taxpayers' objections to the Wilcoxen petitions was void.

On December 29, 1982, the defendant moved to dismiss the Hoyt Wilcoxen complaint. On January 6, 1983, the defendant's motion to dismiss was heard and the complaint was dismissed on the basis that a taxpayer may not, whether the form of the action be styled as requesting declaratory or injunctive relief, interfere with a governmental function where the taxpayer can utilize the provisions of the Revenue Act to secure relief.

On March 11, 1983, Joyce Wilcoxen, plaintiff in the instant case,

filed an action requesting injunctive relief against the defendant board of education. The plaintiff alleged she was a citizen, a property owner, a resident and a taxpayer within the territory of the school district and that it was beyond the power of the school district to issue funding bonds under the circumstances because the Central Illinois Light Company could not at any time have maintained a cause of action directly against the school district for reimbursement of taxes paid under protest. Furthermore, the plaintiff alleged there was no unpaid claim to the Central Illinois Light Company and, therefore, there was no basis for the issuance of funding bonds by the defendant under article 19 of the School Code.

On March 26, 1983, the defendant responded to the Joyce Wilcoxen complaint by filing a motion to dismiss on the theory that the second action was barred by the earlier ruling in the Hoyt Wilcoxen case. The defendant's motion also argued that injunctive relief wasn't available where the taxpayer had an adequate remedy at law by the filing of tax objections under the Revenue Act of 1939.

On March 31, 1983, the trial court dismissed the plaintiff's complaint stating that the tax resulting from the issuance of the bonds was authorized by law and that taxation of property is a legislative function and the judiciary has no power to supervise the legislative branch. The court refused to base its decision on the grounds of *res judicata* indicating that the prior judgment in the Hoyt Wilcoxen case was not an adjudication on the merits.

The plaintiff has requested that this court review the decision of the trial court dismissing the complaint; however, the issue of whether this action is barred by a prior judgment must first be considered.

In *Harmon v. Auditor of Public Accounts* (1887), 123 Ill. 122, 13 N.E. 161, the supreme court held that a prior action brought by taxpayers and property owners of a town to enjoin the town and its officers from issuing bonds to a railroad company barred a second suit brought by other taxpayers and property owners, although not nominally parties to the first action, to declare the bonds null and void and to enjoin officers of the law from collecting any taxes to pay the bonds.

The court in *Harmon* indicated that a judgment against a governmental body or its legal representatives is a matter of general interest and is binding upon its citizens even though they are not all parties to the suit. Every taxpayer is considered to be a real although not a nominal party to such a judgment. In addition, the former judgment is not only conclusive as to questions actually litigated but as to

all questions within the issue, whether they were formally litigated or not. The court concluded that there was sufficient identity between the parties of the former and present action and between the causes of action in each suit to apply the doctrine of *res judicata* (see *Greenberg v. City of Chicago* (1912), 256 Ill. 213, 99 N.E. 1039, for a similar result).

The trial court in the case at hand stated that the judgment in the Hoyt Wilcoxen action was not on the merits. We disagree with this view and believe that the reasoning applied in *Harmon* can be applied here.

The judgment of dismissal in the first action took into consideration the basic issues of the case and decided that as a matter of law the plaintiff could not proceed with the declaratory judgment action. This was a judgment on the merits of the controversy.

The same basic question is at issue in this case as was at issue in the prior case: Did the defendant have the power to authorize the issues of funding bonds to meet lost tax revenues? It is of no consequence that the prior action was one for declaratory relief and the present action is one for injunctive relief. Further, the plaintiff, although not nominally a party to the prior action, was a taxpayer and a property owner in the Canton Union School District and, therefore, was a real party in the prior suit. There is sufficient identity of the parties and of the causes of action in both Wilcoxen cases to apply the doctrine of *res judicata*. The judgment in the prior suit is, therefore, binding upon the plaintiff.

The plaintiff has also contended that because the defendant did not cross-appeal the *res judicata* issue, it is not entitled to argue that issue upon appeal. This contention is without merit.

The final judgment of the trial court was not adverse to the defendant; therefore, it could not make a cross-appeal from that judgment. However, the defendant is not hindered from arguing the issue of *res judicata* because that argument could support the judgment of dismissal on grounds revealed by the record. *People ex rel. Jones v. Adams* (1976), 40 Ill. App. 3d 189, 350 N.E.2d 767.

Accordingly for the reasons set forth above the judgment of the trial court is affirmed.

Judgment affirmed.

ALLOY and HEIPLE, JJ., concur.