## Sally D. Dear, Appellant, v. Ralph C. Dear, Appellee.

## Gen. No. 66–135.

Second District.

September 26, 1967.

Rehearing denied October 31, 1967.

Sally Dear, pro se of Wheaton, appellant.

Corrigan and Mackay, of Wheaton, for appellee.

MR. JUSTICE O'SULLIVAN delivered the opinion of the court.

This is an appeal from an Order, entered in the Circuit Court of DuPage County on October 28, 1966, which Order provided that during the following periods of time on certain specific dates the defendant, Ralph C. Dear, shall have the sole custody and control of the minor children of the parties hereto, setting up in the Order said dates, on which the said Ralph C. Dear should have the sole custody and control of the minor children. This Order expired by its own terms on February 4, 1967, and consequently the matter in controversy is now moot.

In the case of Railway Exp. Agency, Inc. v. Illinois Commerce Commission, 374 Ill 151, 28 NE2d 116, the court in referring to Dinsmore v. Southern Express Co., 183 US 114, 46 L Ed 111, stated at page 156:

"It was held that inasmuch as the subject matter of the dispute had been legislated out of the act, the order of the railroad commission, if originally valid, ceased to have any effect. The principle applied in the Dinsmore case has application here.

"The duty of the Court in the exercise of its power of appellate review is confined to consideration of actual controversies, cases in which the judgment can be given effect. It is not required to give opinions upon moot questions or matters that, by reason of the changes in the law, it is unnecessary to decide."

The same principle was also followed and approved in Northtown Bank of Decatur v. Becker, 45 Ill App2d 112, at page 127, 195 NE2d 404, as follows:

"For the reasons, herein expressed, we are of the opinion that an actual controversy, which is essential to the appeal jurisdiction, does not exist. Accordingly the appeal is dismissed."

Appeal dismissed.

DAVIS, P. J. and ABRAHAMSON, J., concur.