**Sally D. Dear, Plaintiff-Appellant, v. Ralph C. Dear, Defendant-Appellee.**

**Gen. No. 67–15.**

Second District.
September 28, 1967.
Rehearing denied October 26, 1967.

Sally D. Dear, pro se, of Wheaton, appellant.

No briefs filed or appearance made in behalf of appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

The plaintiff-appellant, Sally D. Dear, has brought and orally argued this appeal pro se. The defendant-appellee, Ralph C. Dear, neither filed answering briefs nor appeared for oral argument. This in and of itself would warrant the court in reversing the orders appealed. (Carlson v. Oberling, 73 Ill App2d 412, 413, 218 NE2d 820 (1966) ; Morella v. Melrose Park Cab Co., 65 Ill App2d 175, 212 NE2d 106 (1965)). However, the appellant, who we assume to be a lay person without legal training, deserves more than a perfunctory disposal of her problem after her arduous labor.

A chronological review of the record is necessary in order to understand the factual background upon which this appeal is based.

It seems that on October 28, 1966, an order was entered by the trial court setting forth specific dates on which the defendant was to have the sole custody and control of the minor children of the parties hereto. The plaintiff attempted to have the order vacated but was unsuccessful and on November 16, 1966, she filed her notice of appeal from said order. This appeal was heard and decided by this court in the case entitled Dear v. Dear, 87 Ill App2d 72, 230 NE2d 385, General No. 66–135.

After filing of her notice of appeal, the trial court on November 22, 1966, prior to the decision in case No. 66–135 of this court, vacated the order of October 28, 1966, and thereafter, on November 28, 1966, entered a new order. The latter order, instead of allowing custody and control of the children of the parties to the father on certain specific dates, granted the defendant the right of visitation on set dates commencing November 27, 1966, to and including February 4, 1967. The order also allowed the defendant the right to remove the children from the

home of the plaintiff. On December 14, 1966, a new Notice of Appeal was filed, wherein the plaintiff stated that she was appealing from both the order of November 22, 1966, and the order of November 28, 1966.

■■ On this appeal she contends, and rightfully so, that when she filed her Notice of Appeal on November 16, 1966, the trial court lost jurisdiction to vacate its order of October 28, 1966, from which she was appealing. See City of Chicago v. Myers, 37 Ill2d 470, 227 NE2d 760 (1967).

The trial court was without jurisdiction to vacate the order of October 28, 1966, and therefore, the order of November 22, 1966, entered by the trial court vacating the order of October 28, 1966, is hereby reversed.

■ We now come to the order of November 28, 1966, wherein the defendant was granted the right of visitation, not custody or control, as to his children on certain specified dates and times. The plaintiff claims that the trial court was without jurisdiction to enter this order because her notice of appeal from the order of October 28, 1966, took away any jurisdiction that the court had, relative to the case in the future. We do not agree; however, there is no need to decide this point. Since the order expired by its own terms on February 4, 1967, there is no relief that this court may grant with reference to it. National Jockey Club v. Racing Commission, 364 Ill 630, 631, 5 NE2d 224 (1936); Maywood Park Trotting Ass'n v. Illinois Harness Racing Commission, 15 Ill2d 559, 563, 155 NE2d 626 (1959); Dear v. Dear, 87 Ill App2d 72, 230 NE2d 385, General No. 66–135 (1967). The dates in the order, since they have passed, have become moot and therefore, the appeal from the order of November 28, 1966, is dismissed.

Reversed in part; dismissed in part.

DAVIS, P. J. and ABRAHAMSON, J., concur.