**Sally D. Dear, Plaintiff-Appellant, v. Philip F. Locke, Robert M. Haenisch, Stanley A. Lynch, Stanley A. Lange, and Ralph C. Dear, Defendants-Appellees.**

Gen. No. 69-176.

Second District.

September 1, 1970.

Sally D. Dear, pro se, of Wheaton, appellant.

Corrigan, Mackay, Quetsch and O'Reilly, of Wheaton, and Hinshaw, Culbertson, Moelmann, Hoban and Fuller, of Wheaton, for appellees.

JUSTICE THOMAS J. MORAN delivered the opinion of the court.

This appeal is brought by the plaintiff, pro se, from an order denying her leave to plead as a poor person and orders dismissing all defendants joined herein.

The plaintiff, on November 27, 1968, filed a three-count complaint for false imprisonment, malicious prosecution and "intimidation." In count one, she alleged that the defendant, Philip Locke, a circuit judge, on November 22, 1966, verbally ordered her to appear before him with her children on November 25, 1966, to participate in a hearing to determine visitation rights of defendant, Ralph Dear, father of their children; that the judge had no jurisdiction to so order because she had perfected an appeal in the matter; that she did not appear; that the judge's secretary called the plaintiff on the morning of November 25, 1966, and that she, afterward, in company with the children, left the county; that the judge, on his own motion, entered an order commanding the clerk, defendant Robert M. Haenisch, to issue a writ of attachment and the same was issued; that a deputy sheriff was unable to locate the plaintiff that morning; that on November 28, 1966, the plaintiff filed a short record in this Court pursuant to her appeal aforementioned; that on this same day the defendant Stanley Lange, a deputy sheriff under defendant Stanley A. Lynch, sheriff, took her into custody under the writ of attachment; that at about 4:05 p. m. she was "booked . . . fingerprinted, deprived of her possessions and put into a cell against her will"; that about 5:00 p. m. she was brought before the judge; that a hearing on visitation rights was had (to which she objected on the grounds that the court was without jurisdiction), and concluded at 6:00 p. m. when she was released without being cited for contempt; that the acts of the defendants were malicious and constituted unlawful restraint to her damage, both actual and exemplary.

The second count reiterated the above and alleged that she had been injured in her credit and reputation; that such acts constituted malicious prosecution by defendants Locke and Dear, and that she had suffered both actual and exemplary damages. The third count, directed against the latter two named defendants, realleged the same acts set forth in count one and was based upon intimidation under section 12-6 of the Criminal Code (Ill Rev Stats 1965, c 38, § 12-6), (for which a penalty is invoked), and that she was entitled to damages.

On March 27, 1969, the plaintiff filed a motion for leave to prosecute her action as a poor person and for the appointment of counsel. (Ill Rev Stats 1967, c 33, § 5.) The motion was supported by affidavit which set forth the financial status of the plaintiff. This was denied, after hearing, by the court.

Defendant Dear filed a motion to dismiss the complaint on the basis that it failed to state a cause of action against him. Defendants Haenisch, Lynch and Lange filed motions for summary judgment and dismissal relying upon sections 8-102 and 8-103 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill Rev Stats 1967, c 85, §§ 8-102, 8-103). Defendant, Locke, filed a motion for judgment on the pleadings grounded upon the fact that the complaint failed to state a cause of action for damages against him while in the performance of his judicial duties. The trial court allowed the motions of all defendants and this appeal followed.

The plaintiff claims that (1) the denial of her motion for leave to prosecute as a poor person and the appointment of counsel was an abuse of discretion; (2) denial of counsel deprived her of due process and equal protection under the law; (3) that the complaint was sufficient to state a cause of action against defendant Dear; (4) that the doctrine of judicial immunity did not bar her action

against defendant Locke and (5) that the tort immunity act did not bar her action against defendants Haenisch, Lynch and Lange.

Plaintiff, in support of her motion to plead as a poor person and to have a lawyer appointed, filed an affidavit pursuant to Supreme Court Rule 298 (Ill Rev Stats 1967, c 110A, § 298), which in its relevant averments stated that the plaintiff's occupation is that of a mother and homemaker; that support payments from defendant Dear constituted her only means of subsistence for herself and her two sons; that the support payments amounted to $5,350 in 1968; that her income for 1969 was uncertain due to litigation, but may be as little as $4,160, but would not exceed $5,720; that the ownership of the house in which she lived was not clear due to litigation and that there would probably be no equity in it if she did sell it; that she applied to plead as a poor person involving litigation with defendant Dear in 1968, and the court allowed her previous applications pursuant to chapter 40, section 16; that she is a poor person unable to prosecute this suit or pay the costs and expense thereof; and that she believes she has a good cause of action and a meritorious claim upon which she will recover at law.

■■■■ It has long been established in this state that leave to prosecute an action as a poor person pursuant to section 5 of the Costs Act (Ill Rev Stats 1967, c 33, § 5) is within the sound discretion of the trial court, subject to reversal when such discretion has been abused, Beal v. Pratt, 67 Ill App 483, 484 (1896). Section 5, supra, states that after the court is satisfied that the plaintiff or defendant is a poor person it "may assign to such person counsel, who . . . shall perform their duties in such suit without any fees, charge or reward . . . ." While it is not necessary that one be a pauper to be granted leave to plead as a poor person (see, The People v. Chytraus, 228 Ill 194, 200 (1907)), the trial court, in the case at bar, could have reasonably concluded that plain-

tiff was not a poor person within the meaning of section 5. Considering the plaintiff's averments in her affidavit in support of her motion to plead as a poor person, this court is of the opinion that the trial court did not abuse its discretion in denying the plaintiff's motion.

Plaintiff next contends that she was denied due process and equal protection of the law when the trial court denied her court appointed counsel. She cites, The People v. Lewis, 413 Ill 116, 108 NE2d 473 (1952) as her sole authority. The court in the Lewis case concluded that the defendant was not afforded the procedural safeguards necessary for a fair trial because only 24 hours had elapsed between the defendant's arrest and sentence. During the 24-hour period she had been surrounded by only the police and prosecuting authorities. The testimony in that case showed that the defendant was in a highly emotional and confused state of mind.

█ The circumstances in the Lewis case and the instant case are radically different; the former was a criminal matter, while the case at bar is a civil proceeding. In addition, the plaintiff in the case at bar, took two years to file her complaint after the cause of action accrued. Plaintiff then waited an additional 2 months before asking leave to plead as a poor person and have counsel appointed. The plaintiff, presumably, was receiving her support payments from her former husband during the above periods.

Considering the above circumstances, and in reviewing the record of the case at bar, this Court finds no merit to plaintiff's contention that she was denied due process and equal protection of the laws by the trial court's denial of court appointed counsel.

Plaintiff's next contention is that her complaint was sufficient to state a cause of action against the defendant Dear. The plaintiff in substance alleges in her complaint that this defendant went to her home and "snatched" her daughter after she was taken into custo-

363

dy. Plaintiff then alleged that Judge Locke entered a visitation order for the benefit of defendant Dear.

Based upon these allegations, she argues that she stated a good cause of action for false imprisonment and cites, as her authority on this point, ILP, False Imprisonment, § 6, which, in part, states:

> "In order that a person may be liable for false imprisonment, it must appear that he personally participated therein by direct act or by indirect procurement."

A court must accept as true, fact allegations of a complaint as well as reasonable inferences which can be drawn from those facts, In re Estate of Hansen, 109 Ill App2d 283, 295, 248 NE2d 709 (1969). While pleadings are to be liberally construed, and formal or technical allegations are unnecessary, the complaint must still allege facts necessary to state a cause of action and it is a fundamental rule that the test of the sufficiency of a complaint is whether or not necessary elements or essentials of a cause of action are alleged. Bauscher v. City of Freeport, 103 Ill App2d 372, 376, 243 NE2d 650 (1968).

In the case at bar, there is no showing by the plaintiff in her complaint that the defendant Dear personally participated in, by his direct act or indirectly, in procuring her alleged false imprisonment. Indeed, plaintiff alleges that the court on its "own motion" issued an order on which the plaintiff was eventually taken into custody. Plaintiff, in her complaint, does not allege that defendant Dear had anything to do with the order being entered.

Plaintiff then maintains that defendant Dear pursued a course of conduct that amounted to an adoption or ratification of the false imprisonment and he was, therefore, liable. We do not agree. Plaintiff's complaint goes on to allege that the court entered a visitation order

364

for the benefit of defendant Dear. The complaint fails to allege what course of conduct defendant Dear pursued in having this order entered. There is no showing by the plaintiff in her complaint, of how the defendant Dear adopted or ratified her false imprisonment so as to render him liable.

 Causes of action arise out of facts and when they are based upon a wilful tort they should allege, with particularity, the facts giving rise to the claim. Bauscher v. City of Freeport, supra, at 376. With regard to defendant Dear, plaintiff has failed to do so.

Plaintiff's next contention is that the doctrine of judicial immunity does not bar suit against Judge Locke. Plaintiff maintains that on November 25, 1966, Philip F. Locke was acting without jurisdiction and authority when he entered an order commanding the circuit clerk to issue a writ of attachment which in turn commanded the sheriff to take the plaintiff into custody. She claims that the trial court was without jurisdiction to enter this order (setting the hearing on visitation rights) because she had perfected an appeal from a previous order which was dated October 28, 1966.

In substance, plaintiff bases this contention on two points: (1) the act complained of was not within the court's jurisdiction and (2) that the act complained of was not a judicial act. What the plaintiff overlooks is the fact that the previous order entered by the trial court on October 28, 1966, from which she filed her notice of appeal on November 16, 1966, pertained only to the granting of custody and control of the children to defendant Dear on certain dates. See Dear v. Dear, 87 Ill App2d 72, 230 NE2d 385 (1967). Subsequently, the trial court on November 22, 1966, vacated the order appealed and on November 28, 1966, entered a new order which, instead of granting custody to defendant Dear, gave him visitation rights on certain dates. On December 14, 1966, the plaintiff filed a new notice of appeal which included

the orders of November 22, 1966 and November 28, 1966. See Dear v. Dear, 87 Ill App2d 77, 230 NE2d 386 (1967). In this latter appeal we reversed the order of November 22, 1966, but did not pass upon the order of November 28, 1966, because it was a moot question. However, in that case, the plaintiff made the same argument as in the instant case and at page 79 we said:

". . . The plaintiff claims that the trial court was without jurisdiction to enter this order because her notice of appeal from the order of October 28, 1966, took away any jurisdiction that the court had, relative to the case in the future. We do not agree; . . . ."

We have reiterated much that was stated in the earlier appeals involving the plaintiff and the defendant Dear to show the sequence of events leading to the status of the plaintiff at the time the writ of attachment (the basis for the complaint in the instant appeal) was executed on November 28, 1966. Plaintiff claims that her notice of appeal filed on November 16, 1966, from the "custody" order, divested the trial court of all jurisdiction to proceed to determine the visitation rights of the parties with their children.

It is a general rule that when a notice of appeal is filed, the jurisdiction of the trial court ceases, but, like most general rules, such rule is subject to exceptions. One exception is that the trial court retains jurisdiction to hear and determine matters which are independent of, and collateral to, the subject matter on review where a supersedeas has not been perfected. Shapiro v. Shapiro, 113 Ill App2d 374, 383, 252 NE2d 93 (1969). The notice of appeal filed on November 16, 1966, by the plaintiff was not made a supersedeas and concerned only the "custody" order. This left the trial court without jurisdiction over that subject matter and we so held in Dear v. Dear, 87 Ill App2d 77, 79, 230 NE2d

386. However, the matter of visitation was independent of and collateral to the issue of custody and had not been decided by the trial court until November 28, 1966, the same date the writ of attachment was executed. The notice of appeal from the trial court's order of this date was not filed until December 14, 1966. We recognize that matters of custody and visitation of children are ordinarily provided for in the same order; this is not the fact in the instant case. Based upon these circumstances we are of the opinion that the trial court had jurisdiction to enter its verbal order of November 22, 1966, and to enforce said order by its order of November 25, 1969.

■ Whether an act is or is not judicial is determined by the character of the act. Generally, where the law defines and prescribes the duties to be performed by an officer with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial in character; but where the act to be done involves the exercise of discretion or judgment or the officer is called upon to pass upon evidence and decide, performance of that duty is a judicial act. (See 46 Am Jur2d, Judges, § 83.) We believe that Judge Locke performed a judicial act when he caused the said order to be entered.

Plaintiff's next contention is that the tort immunity act does not bar suit against defendants Haenisch, Lynch and Lange. She maintains that since the law is that a judge is liable for damages for injuries for acts done in clear absence of law, jurisdiction or authority, it follows that other officials whose duties are related to judicial process would be similarly liable for injuries caused by such acts. We have already determined that the acts of the trial court were within its jurisdiction and therefore further comment as to this contention is unnecessary.

■ Plaintiff further argues that the issuance and execution of the writ and her alleged false imprisonment by these three defendants were not official acts within

367

the scope of their employment and therefore did not come within the tort immunity act. Section 8–102, supra, provides that within 6 months after the injury or cause of action has accrued notice must be given before suit is commenced against ". . . a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury . . . ." Section 8–103 provides that if the required notice of section 8–102 is not served, then ". . . any such civil action commenced against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, shall be dismissed and the person to whom such cause of injury accrued shall be forever barred from further suing."

The plaintiff did not give any notice but filed her complaint two years to the day after the alleged cause of action accrued. The question then becomes whether defendants Haenisch, Lynch and Lange were acting within the scope of their employment at the time of the alleged offenses.

The acts which the defendants Haenisch, Lynch and Lange carried out in the case at bar are the essence of their employment. By statute, the clerks of the circuit courts are required to ". . . perform all other duties pertaining to their offices, as may be required by law or the rules and orders of their courts respectively . . . ." Ill Rev Stats 1967, c 25, § 13. Similarly, it is the statutory duty of sheriffs (and subordinates) to ". . . serve and execute, within their respective counties, and return all writs, warrants, process, orders and decrees of every description that may be legally directed and delivered to them." Ill Rev Stats 1967, c 125, § 15.

This court believes that the defendants Haenisch, Lynch and Lange were in the course of their employment and were merely following their duties as set out by the

above statutes. Plaintiff, not having complied with tort immunity act provisions as to notice, is thereby barred from suing the defendants Haenisch, Lynch and Lange; therefore, no error was committed by the trial court in this respect.

Plaintiff has raised other issues for the first time in her reply brief. These issues will not be considered. Supreme Court Rule 341(e)(7) and (G); Haffa v. Haffa, 115 Ill App2d 467, 476, 253 NE2d 507 (1969).

For the reasons herein stated, we find that there was no error committed by the trial court.

Judgment and orders affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.