89 Ill. App.3d 1130 (1980)
412 N.E.2d 709
In re M.C., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee,
v.
M.C., Respondent-Appellant.)
No. 80-164.
Illinois Appellate Court  Second District.
Opinion filed November 7, 1980.
Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.
Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Barbara A. Preiner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Order vacated.
Mr. JUSTICE WOODWARD delivered the opinion of the court:
Respondent, M.C., appeals from an order which held her in contempt for failing to attend school and which sentenced her to six months in the Kane County Youth Home. The contempt order, dated February 19, 1980, found that respondent had willfully violated a prior order which ordered her to attend school pending dispositional hearings. The contempt order by its own terms stayed the commitment to the youth home on condition that respondent attend school; it further *1131 ordered that if respondent's principal and a worker of Juvenile Court Services determined that respondent had an unexcused absence, the minor was to be detained in the youth home for a period of one week and then released to the custody of her family. The contempt order specified that detention pursuant to the order would not be allowed beyond August 19, 1980, and that the provisions of the contempt order were to abate after that date. Execution of the order was stayed pending appeal.
 1 We note, initially, that no consideration need be given to any possible questions regarding detention of the minor, since that aspect of the order expired by its own terms after August 19, 1980, and such matters are accordingly moot. Dear v. Dear (1967), 87 Ill. App.2d 72, 230 N.E.2d 386, cert. denied (1968), 393 U.S. 871, 21 L.Ed.2d 140, 89 S.Ct. 160.
 2, 3 The expiration of the order appealed from, however, still leaves on the minor's record a finding of contempt, and we must accordingly address ourselves to the propriety of this matter. The law requires that for a finding of contempt to be based on the violation of an order of the court, the order's terms must be set out with certainty, clarity and conciseness. (O'Leary v. Allphin (1976), 64 Ill.2d 500, 356 N.E.2d 551; People v. Wilcox (1955), 5 Ill.2d 222, 125 N.E.2d 453.) We take note that the word "attend" is commonly understood to mean "to be present at" (Webster's New Collegiate Dictionary 72 (1975)), and does not in common usage imply complete punctuality. Certainly, many attorneys "attend" various activities requiring their presence at court, and they are not always punctual. In our opinion, the requirement that the minor attend school did not reasonably apprise her that her tardiness on a number of occasions would expose her to the possibility of being held in contempt of that order.
 4 Additionally, respondent has pointed out, and the State has conceded, that the trial court's order improperly provided for respondent's future detention in the youth home upon the determination of her principal and a worker of Juvenile Court Services that respondent had been absent from school without excuse. Counsel for both sides agree that due process of law requires that respondent be given notice of the charge and a hearing with rights of cross-examination and representation by counsel before a sentence of detention could be imposed for future nonattendance. (Armentrout v. Dondanville (1979), 67 Ill. App.3d 1021, 385 N.E.2d 829.) The trial court's abdication of its authority in structuring the order in such a manner cannot be condoned and must, we believe, render that order invalid.
We accordingly vacate the February 19, 1980, order of the trial court which held respondent in contempt.
Order vacated.
SEIDENFELD, P.J., and UNVERZAGT, J., concur.