ANABEL J. McCUTCHEON, Plaintiff-Appellant, v. CHICAGO PRINCIPALS ASSOCIATION, Defendant-Appellee.

First District (5th Division)  No. 85—3244

Opinion filed August 14, 1987.

Anabel J. McCutcheon, of Evanston, for appellant, *pro se.*

Katherine S. Janega, of Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from a directed verdict that was entered in favor of the defendant. The issues raised on appeal are: (1) whether it was proper for the trial court to grant defendant's motion for directed verdict; and (2) whether plaintiff's claim is barred by the doctrine of *res judicata.*

We affirm.

The following facts are pertinent to the disposition of this case. The plaintiff brought this action to recover for the failure of the defendant to provide her with legal representation in the course of proceedings brought by her employer, the Chicago board of education, to terminate her employment as a principal in the Chicago public schools.

In count I of her second amended complaint, plaintiff alleged that

she had relied upon a document circulated by the Chicago Principals Association (association) that included "Legal Representation from Association Attorney" as one of the benefits of membership. Plaintiff further alleged that she and her attorney met with the association's president and attorney after she was notified of her suspension, at which time the association's president stated that the association's attorney would act as co-counsel with plaintiff's attorney in the termination proceedings instituted by the Chicago board of education, with particular emphasis on advising the plaintiff and her attorney regarding administrative procedures followed by the Board.

In count II of her second amended complaint, plaintiff alleged that the association, as her exclusive bargaining agent with the Chicago board of education, had a fiduciary duty to plaintiff to assist her in the preparation and presentation of her defense to charges levied against her by the Chicago board of education. Plaintiff further alleged that the association subsequently terminated its assistance in her defense and refused repeated requests for assistance, thereby breaching the alleged agreement contained in the documents listing benefits of membership and breaching the alleged fiduciary duty. As a result, plaintiff expended money for legal assistance which she would not otherwise have incurred, was eventually left unaided and without legal assistance whatsoever, and lost her employment with the Chicago board of education.

The association denied plaintiff's allegations and further alleged that another action between the plaintiff and the Chicago Principals Association for the same cause of action, McCutcheon v. Chicago Board of Education and Chicago Principals Association, No. 76 C. 4763, was then pending in the United States District Court for the Northern District of Illinois, Eastern Division. In that case plaintiff had claimed that the association had discriminated against her on the basis of sex in refusing her legal representation or reimbursement for attorney fees in connection with civil, criminal and administrative actions, including the dismissal proceedings which are the subject of this lawsuit. The district court had granted the association's motion for summary judgment in that case. Plaintiff's appeal to the Seventh Circuit Court of Appeals was dismissed, and the United States Supreme Court subsequently denied plaintiff's petition for writ of *certiorari*.

Based on the district court's ruling, the association moved for summary judgment in this matter contending that plaintiff's claim herein is barred by the doctrine of *res judicata*. The motion for summary judgment was denied and the association unsuccessfully at-

tempted to pursue an interlocutory appeal. The case proceeded to trial. At the close of the plaintiff's case, which consisted of the plaintiff's testimony and 10 exhibits, the association moved for a directed verdict. The trial court granted the motion as to the fiduciary duty claim, ruled that *res judicata* does not preclude the issues in this case, and reserved ruling as to count I for the close of all of the evidence. The association's case consisted of the testimony of its current president, Loretta Nolan, and its former president, Samuel Dolnick. Dolnick testified by means of an evidence deposition that was read into the record. Several exhibits were also admitted into evidence.

The plaintiff did not put on any evidence in rebuttal and the association renewed its motion for directed verdict. The trial court found that there had been no contradiction of facts in the case and that the list of benefits of membership did not constitute a contract. The trial court further found that the parties had entered into a contract at the meeting alleged in plaintiff's second amended complaint and that the terms of the contract were confirmed by a letter that plaintiff sent to Dolnick. The terms of that agreement were that plaintiff would be provided with a due process defense only. The court found that Dolnick had best defined due process as to see to it that the procedures and rules of the board are followed and that there is a prompt and fair hearing. The trial court further found that there was no evidence establishing a breach of fiduciary duty and granted the motion for directed verdict.

OPINION

Pro se plaintiff's brief is substantially insufficient and violative of the rules established by the supreme court for appellate briefs. It is well established that this court considers only those documents and arguments which pertain to the appellate court record and disregards all extemporaneous documents and comments by either party that are not supported by the record. (*Littrell v. Coats Co.* (1978), 62 Ill. App. 3d 516, 379 N.E.2d 293.) Furthermore, a reviewing court is entitled to have the issues clearly defined. (*Harvey v. Carponelli* (1983), 117 Ill. App. 3d 448, 453 N.E.2d 820.) A party's failure to state informatively the errors relied upon for reversal and to present an organized and cohesive argument in compliance with the supreme court rules has been held to justify dismissal of the appeal. (*Bank of Ravenswood v. Maiorella* (1982), 104 Ill. App. 3d 1072, 433 N.E.2d 1044.) However, we have chosen to address the issues which have been properly raised on appeal.

Plaintiff initially contends that the trial court erred in granting

the association's motion for directed verdict. At trial plaintiff advanced alternative theories to support her claim: (1) that the list of benefits of membership created a contract; and (2) that a contract was formed at a meeting between the plaintiff and her attorney and the association and its attorney.

■ The list of benefits referred to by plaintiff was published and distributed every year by the president of the association. The list was given to principals at the time that they were solicited for membership in the association. Item 5 of the list of benefits stated:

"Legal representation from Association attorney."

We recognize that an employee handbook or other policy statement may create contractual obligations. (*Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314.) However, in *Duldulao* the Illinois Supreme Court emphasized that the traditional requirements for contract formation must be present before a handbook or other policy statement creates enforceable contractual rights. (*Duldulao v. Saint Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 490, 505 N.E.2d 314.) The statement "[l]egal representation from Association attorney" does not have the requisite certainty to impose a duty upon the association to provide the legal representation to which plaintiff alleges she is entitled. A contract must be definite and certain in its conditions, and courts will not supply missing terms so as to infuse a contract with the requisite certainty. (*O'Neil & Santa Clause Ltd. v. Xtra Value Imports, Inc.* (1977), 51 Ill. App. 3d 11, 365 N.E.2d 316.) The statement is simply too uncertain to justify the imposition of a duty upon the association.

■ On September 8, 1976, plaintiff and her attorney met with the association's president, Samuel Dolnick, and the association's attorney. An oral agreement was made to provide the plaintiff with legal representation. There is no question that the legal services to be provided by the association were to be limited to the aspect of the plaintiff's case pertaining to procedural matters, while her own personal attorney was to provide her with general representation on the merits of the charges made by the board of education. The testimony and documents in evidence show both that the parties understood the scope of the association's obligations under the agreement and that those obligations were performed.

Based on the foregoing, the trial judge did not err in granting the association's motion for directed verdict. According to the often-cited case of *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, verdicts ought to be directed and entered only in those cases in which all of the evidence, when viewed in its aspects

most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on the evidence could ever stand. (*Fakhoury v. Vapor Corp.* (1987), 154 Ill. App. 3d 531, 507 N.E.2d 50.) In applying the *Pedrick* rule, the evidence presented and the inferences which can be drawn from the circumstances may be considered by the court. (*Huckabee v. Bell & Howell, Inc.* (1970), 47 Ill. 2d 153, 265 N.E.2d 134.) This court will determine a case on the record only. (*Stewart v. Stewart* (1975), 35 Ill. App. 3d 236, 341 N.E.2d 136.) Here, the evidence did overwhelmingly favor the defendant so that no contrary verdict could ever stand. The trial judge did not err.

■■■ Next, although the plaintiff has attempted to raise several evidentiary questions on appeal, none of the issues were raised in the trial court and as a consequence any objections are waived. (*Lindroth v. Walgreen Co.* (1950), 407 Ill. 121, 94 N.E.2d 847.) As previously discussed, this *pro se* plaintiff has also raised numerous issues in her brief which are not supported by the record; it is therefore impossible to address these issues. While reviewing courts are open to all persons who seek redress of their grievances, a party's decision to appear *pro se* does not relieve that party from adhering as nearly as possible to the requirements of the rules of practice enunciated by our supreme court. This of necessity requires a record which supports appellant's arguments. In this case, the record presented is notably missing in the areas in which appellant contends the trial court erred. In addition, because of our determination that the trial court did not err in granting the association's motion for directed verdict, we need not reach the merits of the contention that plaintiff's claims are barred by the doctrine of *res judicata*.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.