STEEL CITY NATIONAL BANK OF CHICAGO, as Trustee, Plaintiff-Appellant, v. J.J. WRIGHT OLDSMOBILE, INC., Defendant-Appellee.

First District (1st Division)   No. 1—88—2873

Opinion filed December 26, 1989.

928

Ruff, Weidenaar & Reidy, Ltd., of Chicago (Edward P. Freud, of counsel), for appellant.

Herbert Lesser, of Chicago, for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

This appeal from the circuit court of Cook County arises from a forcible detainer action brought by Steel City National Bank of Chicago, as trustee under trust No. 2556 (plaintiff), to recover possession of commercial real estate leased to defendant J.J. Wright Oldsmobile, Inc. (Wright Oldsmobile). The circuit court entered judgment for Wright Oldsmobile following a hearing, and plaintiff appeals from this judgment.

The facts here are not in dispute. On March 31, 1975, Skorberg's of Crystal Lake, Inc. (Skorberg), owner of the premises at 17220 Torrence Avenue in Lansing, Illinois, leased the property to a corporate entity, J.J. Wright Motor Company (Wright Motors), for a 15-year term from the date of occupancy, occurring on or about June 1, 1975, with the option to renew the lease for two additional terms of five years each. Wright Motors was incorporated on January 23, 1923, in the State of Illinois, but was involuntarily dissolved by the Secretary of State of Illinois on December 29, 1969, for nonpayment of the franchise tax.

On July 7, 1975, subsequent to the execution of the lease, John A. Wright executed a "Memorandum of Lease and Assignment" to transfer Wright Motors' rights under the lease to Wright Oldsmobile. Wright executed the agreement as president of both Wright Motors and Wright Oldsmobile, the latter entity incorporated in the State of Illinois on May 9, 1975. Skorberg consented to the transfer as follows:

"The Landlord hereby consents to the assignment of the lease by the Tenant to the Assignee, but upon the express condition that neither such consent nor the collection of rent from the Assignee shall be deemed a waiver or relinquishment for the future of the covenant against assignment or subletting, nor shall the acceptance of the Assignee as tenant be construed as releasing the Tenant from the full performance of the provisions of the lease."

Subsequently, Skorberg went into bankruptcy, and First Federal Savings & Loan Association of Lansing, Illinois (First Federal), filed a mortgage foreclosure proceeding in the circuit court of Cook County. Wright Oldsmobile, as a party in possession, was made a defendant in that action. On June 6, 1979, the circuit court entered a "Decree of

Foreclosure." Included in the decree was a finding that the lease dated March 13, 1975, between Skorberg and Wright Motors, subsequently assigned to Wright Oldsmobile, was "in full force and effect." First Federal was the successful bidder at the foreclosure sale, and plaintiff in 1983 became a later successor to that interest.

On May 23, 1988, plaintiff, claiming the existence of a month-to-month tenancy, served Wright Oldsmobile with a 30-day notice to terminate the tenancy. On July 18, 1988, plaintiff filed the instant forcible detainer proceeding. In its answer to plaintiff's complaint, Wright Oldsmobile claimed that it was lawfully in possession of the premises pursuant to the unexpired lease executed in March 1975.

Plaintiff's claim here, as well its claim before the circuit court, is that the March 1975 lease is invalid because Wright Motors lacked capacity to contract as a corporation since it had previously been administratively dissolved as a corporation. Before reviewing the circuit court's findings as to plaintiff's claim, we must first address defendant's contention that plaintiff's claim is moot due to an order entered in the circuit court during the pendency of this appeal.

Subsequent to the hearing in this action, a petition to vacate the dissolution order was filed in the circuit court. The court vacated the dissolution order and restored Wright Motors to good standing "with such powers, authority and franchises as it has and was authorized to exercise prior to the entry of such Decree." Defendant contends that this order renders plaintiff's claim moot because the order restores full corporate power to Wright Motors as of the date of its dissolution.

■■ Plaintiff initially responds that our consideration of this court order would violate the established principle of appellate review that a reviewing court may consider only documents and arguments pertinent to the appellate record. (See *McCutcheon v. Chicago Principals Association* (1987), 159 Ill. App. 3d 955, 513 N.E.2d 55.) This argument overlooks the fact that the question we confront is whether to exercise our appellate jurisdiction in this case. The duty of an appellate court in exercising its power of review is confined to consideration of actual controversies and not to opine upon moot questions or to declare principles of law which cannot affect the matter in issue in the case before the court. (*Johnson v. Quern* (1980), 90 Ill. App. 3d 151, 412 N.E.2d 1082; *Dear v. Dear* (1967), 87 Ill. App. 2d 72, 230 N.E.2d 385.) Where circumstances exist which render the issue on appeal moot, the appeal will be dismissed even though such facts do not appear in the record. *Johnson*, 90 Ill. App. 3d at 155, 412 N.E.2d at 1085.

■ While we reject plaintiff's argument as to the impropriety of our consideration of the court order, we nonetheless agree with plaintiff that the order does not render the issues here moot. The order provides that Wright Motors is restored to good standing, but it does not explicitly state that the acts of the officers or directors purporting to act in the capacity of a corporation are ratified and confirmed. Defendant apparently bases its contention that the order ratifies the officers' actions on the fact that the Illinois Business Corporation Act of 1983 (the Act) (Ill. Rev. Stat. 1987, ch. 32, par. 1.01 *et seq.*) provides an administrative procedure whereby such a result may be attained. Section 12.45 of the Act provides that if certain administrative procedures, including the payment of past-due fees, are followed within five years following the date of the dissolution, the corporate existence will be "deemed to have continued without interruption from the date of the issuance of the certificate of dissolution \*\*\* and all acts and proceedings of its officers, directors and shareholders, acting or purporting to act as such, which would have been legal and valid but for such dissolution, shall stand ratified and confirmed." (Ill. Rev. Stat. 1987, ch. 32, par. 12.45.) The reinstatement here, however, was not, and could not have been, obtained by this administrative procedure. Because the order does not state that the acts of the officers are ratified or confirmed, we cannot conclude that the order renders the issues in this appeal moot.

Reviewing now the circuit court's findings as to plaintiff's claim that the March 1975 lease is invalid, we note that the circuit court stated that it was not ruling that the nonexistent corporation in March 1975 formed a valid contract or that the nonexistent corporation had the legal capacity to assign its interest. The court instead held that (1) the foreclosure proceeding was *res judicata* as to the question of the validity of the lease; (2) a novation occurred between the legal successor in interest, Wright Oldsmobile, and the lessor under the written agreement in July 1975; and (3) the doctrine of equitable estoppel barred plaintiff from claiming the invalidity of the lease. We affirm the circuit court's judgment on two of these bases.

■ Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies, barring any subsequent action involving the same claim, demand or cause of action. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959; *People v. Kidd* (1947), 398 Ill. 405, 75 N.E.2d 851.) The judgment is conclusive not only as to every matter offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered

for that purpose. *Housing Authority*, 101 Ill. 2d 246, 461 N.E.2d 959; *Barry v. Commonwealth Edison Co.* (1940), 374 Ill. 473, 478, 29 N.E.2d 1014.

In the case at bar, the decree entered in the foreclosure proceeding, in which defendant was joined as a party defendant and plaintiff's predecessor as plaintiff, included the determination that "[t]he lease dated March 31, 1975 *** is still in full force and effect." No dispute exists here as to the finality of the judgment, the jurisdiction of the court, or the identity of the parties. Nor is there any question that plaintiff's predecessor could have raised and litigated the issue as to the validity of the lease in the foreclosure proceeding. This latter dimension of *res judicata*, however, applies only where the first and second suit involve the same cause of action. (*Pfeiffer v. William Wrigley Jr. Co.* (1985), 139 Ill. App. 3d 320, 322, 484 N.E.2d 1187, 1189; *Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 673, 455 N.E.2d 200, 204.) It is this element of *res judicata* which plaintiff claims has not been satisfied here because the first action was a foreclosure proceeding, whereas the instant case is a claim for possession of the premises.

■ While a plethora of cases have addressed the question of whether proceedings involve the same cause of action for *res judicata* purposes, we believe our supreme court's decision in *Housing Authority for La Salle County v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959, is most analogous to the situation here. The judgment in issue in *Housing Authority* was a default judgment entered against the Housing Authority's predecessor in title in a condemnation action brought by the Federal government to condemn an easement to certain property. The action sought to be barred was a suit to quiet title to the property brought by the Housing Authority against a defendant whose predecessor in title was joined as a codefendant in the condemnation action. In confronting the issue of whether the case before it involved the same claim or cause of action, the supreme court stated that a decree operates as *res judicata* of the claim presented in a later action when the facts and relief sought in both actions "are substantially the same." (*Housing Authority*, 101 Ill. 2d at 254, 461 N.E.2d at 963; *Midlinsky v. Rubin* (1930), 341 Ill. 378, 385, 173 N.E. 368, 371.) It noted that the court in the condemnation proceeding had the power to determine among competing claimants the ownership of the condemned land and that the government joined as defendants all competing claimants in order to litigate their conflicting claims. The court then reasoned that the same cause of action existed because both cases involved the claim of title to disputed property and the ob-

ject of each case was to ascertain the true owner of the property. *Housing Authority*, 101 Ill. 2d at 252-54, 461 N.E.2d at 962-63.

■ Similarly, the court in the foreclosure proceedings here had the power to determine the legal interests, including the possessory interests, of all competing claimants in the real estate, and defendant was joined for that purpose. Both cases involve the claim of a possessory interest in the property, and the object of each case was to ascertain the parties' legal interests in the property. The circuit court, therefore, properly concluded that the same claim or cause of action existed and correctly applied the doctrine to bar plaintiff's claim.

■ Another independent ground also exists here to sustain the circuit court's judgment. Although we believe that the circuit court erred in holding that a novation occurred notwithstanding the question of the validity of the previous lease,[1] we find that the court correctly held that plaintiff is equitably estopped from denying the validity of the lease. The doctrine of equitable estoppel is a doctrine developed in equity to prevent a party from asserting rights where the assertion of those rights would work a fraud or an injustice on another party. (*Launius v. Najman* (1984), 129 Ill. App. 3d 498, 472 N.E.2d 170.) The numerous cases attempting to define the doctrine reveal that the circumstances in each particular case must be considered to determine whether honest dealing requires that the party be estopped. *E.g., Carey v. City of Rockford* (1985), 134 Ill. App. 3d 217, 480 N.E.2d 164; *Tyska v. Board of Education* (1983), 117 Ill. App. 3d 917, 453 N.E.2d 1344.

The necessary elements under the doctrine most commonly cited are some representation or conduct on the person sought to be estopped, reliance by another, and prejudice or injustice to that person. (*Payne v. Mill Race Inn* (1987), 152 Ill. App. 3d 269, 504 N.E.2d 193; *Old Security Life Insurance Co. v. Continental Illinois National Bank & Trust Co.* (7th Cir. 1984), 740 F.2d 1384; *Sponemann v. Country Mutual Insurance Co.* (1983), 120 Ill. App. 3d 211, 457 N.E.2d 1031.) Plaintiff maintains in the instant case that the circuit court erred in applying the doctrine because the record does not demonstrate any fraudulent conduct or intent on plaintiff's part or any good-faith reliance on defendant's part.

■ The fraud element under the doctrine of estoppel, as distin-

---

[1]One of the essential elements of a novation is a previous, valid obligation. *Aluminum Co. v. Home Can Manufacturing Corp.* (1985), 134 Ill. App. 3d 676, 480 N.E.2d 1243; *Phillips & Arnold, Inc. v. Frederick J. Borgsmiller, Inc.* (1984), 123 Ill. App. 3d 95, 462 N.E.2d 924.

guished from the concept of waiver, focuses on the effect of a party's conduct on the opposing party, rather than on the intent of the party being estopped. (*Bledsoe v. Carpenter* (1987), 163 Ill. App. 3d 823, 516 N.E.2d 1013.) It is not necessary in the equitable estoppel context that there be fraud in the strict legal sense or that the party have the intent to mislead or deceive; it is sufficient if a fraudulent effect would follow upon allowing a party to set up a claim inconsistent with his former conduct. (*Beynon Building Corp. v. National Guardian Life Insurance Co.* (1983), 118 Ill. App. 3d 754, 455 N.E.2d 246; *First Savings & Loan Association v. Kern* (1977), 55 Ill. App. 3d 838, 370 N.E.2d 1326; *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447; *Dill v. Widman* (1952), 413 Ill. 448, 109 N.E.2d 765.) We believe that the fraud element has been satisfied in the case at bar. Allowing plaintiff to claim the invalidity of the lease due to Wright Motors' incapacity to contract where it has accepted rents under the lease for five years, and its predecessor for eight years, would have a fraudulent and unjust effect.

■ We also believe that the element of detrimental reliance has been satisfied here. The estoppel doctrine has often been applied to prevent a person from asserting the invalidity of an agreement where the person has accepted the benefits of the agreement. (See *Ego Oil Co. v. Garner* (1983), 115 Ill. App. 3d 82, 450 N.E.2d 375; *Cashman v. Shinn* (1982), 109 Ill. App. 3d 1112, 441 N.E.2d 940.) Defendant here has relied on plaintiff's or its predecessor's acceptance of the contract's benefits by fulfilling its rental obligation under the lease for over 13 years.

Finally, plaintiff's assertions as to defendant's lack of good faith are unpersuasive. Defendant's knowledge of the invalidity of Wright Motors' corporate status did not result in any injustice here, as Wright Motors' corporate status was a matter of public record, Wright Oldsmobile was in fact an existing corporation at the time of the transfer, Skorberg intended to extend a lease to an existing corporation, and plaintiff succeeded to the property containing a leasehold with that valid corporate entity. Accordingly, we find that the circuit court did not err in holding that plaintiff is equitably estopped from denying the validity of the lease.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MANNING, P.J., and CAMPBELL, J., concur.