2023 IL App (2d) 220335-U
No. 2-22-0335
Order filed February 21, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| TIFFANY WILCOX, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 20-F-421 |
| | ) | |
| JACOB DAVISON, | ) | Honorable |
| | ) | Veronica M. O'Malley, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Trial court did not err in finding that respondent's request for temporary parenting time had been resolved, granting petitioner's motion to reconsider its denial of her earlier motion to voluntarily dismiss her petition, finding that Illinois was no longer the home state of the child, and entering judgment against respondent for unpaid GAL fees.

¶ 2    The respondent, Jacob Davison, appeals *pro se* from the trial court's order of September 15, 2022, which found that Jacob's petition for temporary parenting time had been resolved and did not constitute a pending counterpetition; granted the oral motion of the petitioner, Tiffany Wilcox, to nonsuit her petition; found that the home state of the parties' child was not Illinois; and

entered judgment against Jacob in the amount of his unpaid guardian *ad litem* (GAL) fees. We affirm.

¶ 3                                             I. BACKGROUND

¶ 4      The parties, who are not married to each other, have one minor child born in 2017. The child has always lived with Tiffany, who originally lived in Illinois. Jacob lives in Wisconsin, and Tiffany obtained a determination of parentage there. The record does not reflect that Jacob sought or was granted any parenting time in that proceeding.

¶ 5      In September 2018, Tiffany obtained a plenary order of protection in the circuit court of Lake County against Jacob after he broke into her home in the middle of the night, had a physical altercation with her, and vandalized a vehicle. Despite the order of protection, Jacob continued to harass Tiffany, sending her over 5000 text messages in 2020 and following her to the police department. On July 26, 2020, Tiffany sought an emergency extension of the order of protection and permission to move with the minor child to New Jersey. On July 29, Tiffany and her counsel appeared in court before Judge Reginald Matthews on her motion to extend. When Tiffany told the court of her intent to move to New Jersey, the court advised her that she was free to leave Illinois with the child. Tiffany and the child moved to New Jersey in August 2020.

¶ 6      Prior to moving, however, on July 30 Tiffany filed in the Lake County circuit court a petition to establish parentage, allocate parental responsibilities and parenting time, and for other relief. Jacob responded by filing a petition for temporary parenting time. The parentage and order of protection proceedings were consolidated on August 20, 2020. In December 2020, an agreed permanent restraining order was entered in place of Tiffany's order of protection. It barred Jacob from removing the child from Tiffany's possession without further court order.

¶ 7       The parties jointly sought the appointment of a guardian *ad litem* (GAL) for the child, and one was appointed in October 2020.  The appointment order provided that the parties would split the fees equally.  In November 2020, the trial court entered a trial management order that, among other things, directed both parties to attend parenting classes and file their certificates of completion with the court.  The order further provided that the failure to comply with its directives could be grounds for sanctions pursuant to Illinois Supreme Court Rule 219(c) (eff. July 1, 2002).  Tiffany completed the parenting classes and filed her certificate of completion with the court in March 2021.  In October 2021, the trial court entered another case management order similarly requiring the parties to complete parenting classes.  However, Jacob never did so.

¶ 8       In March 2021, Tiffany filed a motion for relocation that sought more formal permission for her move with the child to New Jersey.  An agreed order permitting Jacob to have video parenting time was entered.  In July 2021, Tiffany moved to voluntarily dismiss her petition to establish parentage and allocate parental responsibilities and parenting time.  She noted that no issues had been resolved and argued that no dispositive motions were pending that would mitigate against voluntary dismissal.  At the same time, she began parentage proceedings in New Jersey.  Thereafter, Jacob for the first time filed a motion seeking to force Tiffany to return the child to Illinois.

¶ 9       On August 11, 2021, the trial court heard argument on the motion to voluntarily dismiss the proceedings.  It ruled that, although Tiffany had a right to voluntarily dismiss her own petition, Jacob's request for temporary parenting time was a counterclaim that prevented the dismissal of the entire cause of action.  Thereafter, through the entry of agreed orders in August 2021 and September 2021, Jacob was granted temporary parenting time.

¶ 10    Tiffany filed a request to stay the proceedings pending a conference with the New Jersey court to determine whether, pursuant to section 207 of the Uniform Child-Custody Jurisdiction and Enforcement Act (Act) (750 ILCS 36/207 (West 2020)), New Jersey should be considered the child's home state. Tiffany conceded that both Illinois and New Jersey could potentially exercise jurisdiction over the child, but she argued that Illinois was not an appropriate forum as neither the child nor any of the parties lived there.

¶ 11    In November 2021, the GAL submitted a petition for fees. Jacob filed a response, objecting solely on the ground that Tiffany should be made to pay all of the fees instead of the parties splitting them equally. Jacob did not argue that the fees were not reasonable or necessary. After a hearing, the trial court granted the GAL's fee petition, finding that the fees were reasonable and necessary, and denied Jacob's motion to reallocate the fees. It found that Tiffany had fully paid for her half of those fees and entered judgment against Jacob in the amount of $3610 for his share of the fees.

¶ 12    In January 2022, the trial court held the conference pursuant to the Act. On February 2, 2022, the court entered an order declaring that Illinois was the child's home state under the Act and that it would continue to exercise jurisdiction over the case, noting that Tiffany had initially filed the case there and the court there had appointed a GAL. Looking ahead, the trial court's order identified Jacob's petition for temporary parenting time as the sole pending matter and set that matter for hearing. In February 2022, Tiffany sought to hold Jacob in contempt for failing to exercise his in-person parenting time with the child or to participate in video parenting time. In March, a new agreed order for Jacob to have in-person parenting time with the child at Jacob's aunt's house was entered.

¶ 13    In March 2022, the GAL filed another petition for interim fees. Although the parties were granted time to file responses, neither did so.

¶ 14    On May 18, 2022, Tiffany filed an amended petition to relocate. Besides restating the allegations of her previous petition, she included excerpts from her deposition of Jacob in which he admitted breaking into her home very late at night after he had been drinking, breaking her phone by hitting it out of her hand, and damaging her roommate's car. She also detailed her attempts to provide Jacob with parenting time with their child. Tiffany sought formal leave to relocate, an award of sole parental decision-making to her, and either a reservation of the issue of parenting time or the entry of reasonable schedule of parenting time for Jacob.

¶ 15    Another GAL fee petition was filed in July 2022 and again no objections were filed. That petition was set for resolution at the August pretrial.

¶ 16    On August 12, 2022, the trial court held a pretrial and thereafter entered an order requiring the parties to (a) pay any past-due GAL fees by September 6, and (b) pay an additional $1750 each to the GAL for trial preparation. The order also granted Tiffany's attorneys leave to withdraw. Both parties were then *pro se*.

¶ 17    On September 15, 2022, the parties appeared for the hearing of all remaining issues. Although the record on appeal does not contain any report of the proceedings on this date, the parties agree that Tiffany made an oral motion to reconsider her motion to voluntarily dismiss the proceedings. The order entered on that day granted Tiffany's oral motion, finding that Jacob's petition for temporary parenting time was not a counterpetition and that, in any event, that petition had been resolved by the entry of several agreed orders for parenting time. Any further request for parenting time was denied, as Jacob had not complied with court orders requiring him to attend parenting classes and to pay the amounts he owed the GAL. The court found that Jacob owed the GAL a total of $6,110 and entered judgment in that amount against Jacob. The trial court also

found the home state of the minor child to be New Jersey. No further matters were pending, and the case was taken off call.

¶ 18                                    II. ANALYSIS

¶ 19     Jacob appeals, arguing that the trial court erred in finding the child's home state to be New Jersey, in granting Tiffany's motion to voluntarily dismiss the case, and ordering him to pay the GAL fees without a hearing on the matter. We affirm.

¶ 20     We begin by noting that Jacob is *pro se* on appeal, and that his brief does not comply with relevant Supreme Court rules in several respects. Indeed, Tiffany urges us to strike his brief for that reason. Supreme Court rules "are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written." *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995). Nor does Jacob's *pro se* status shield him from the consequences of his failure to comply with those rules. "While reviewing courts are open to all persons who seek redress of their grievances, a party's decision to appear *pro se* does not relieve that party from adhering as nearly as possible to the requirements of the rules of practice enunciated by our supreme court." *McCutcheon v. Chicago Principals Ass'n*, 159 Ill. App. 3d 955, 960 (1987).

¶ 21     Although this court has discretion to strike a brief and dismiss an appeal where a party has failed to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), doing so is a harsh sanction and is appropriate only when the procedural violations interfere with our review. *Carter v. Carter*, 2012 IL App (1st) 110885, ¶ 12. Here, Jacob's violations of Rules 341 and 342 are not so severe as to preclude our review of the issues, and we therefore decline to strike his brief.

¶ 22     Jacob first contends that the trial court erred in determining on September 15, 2022, that the home state of the minor child under the Act was New Jersey. He argues that jurisdiction over a cause of action is determined when the case is first filed and notes that, when Tiffany filed her

petition in July 2020, both she and the child were present in Illinois and it was the child's home state. However, the Act itself specifically provides that a state may lose home state status if the child and the parents have left the state to live elsewhere. See 750 ILCS 36/202 (West 2020) (exclusive, continuing jurisdiction over the proceedings continues until "a court of this State or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State"). Section 202 of the Act thus specifically authorized the trial court to determine, on September 15, 2022, that none of the interested parties lived in Illinois and that therefore Illinois had lost exclusive, continuing jurisdiction over the case. The cases cited by Jacob are inapposite and do not change this clear statutory language. See *Lee v. John Deere Insurance Co.*, 208 Ill. 2d 38, 43 (2003) (when a statute's language is clear, it must be given effect). Here, at the time of the trial court's determination, both Tiffany and the child had left Illinois over two years earlier and had been residing in New Jersey, and Jacob lived in Wisconsin. As the facts were not in dispute, the trial court did not err in finding that Illinois was no longer the child's home state.

¶ 23    Jacob next argues that the trial court erred in granting Tiffany's motion to voluntarily dismiss the proceedings. He does not argue this point in his brief but instead refers us to the arguments previously made by his counsel in response to Tiffany's first motion to nonsuit. That response argues only that Jacob's request for temporary parenting time "falls with the parameters of" the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/602.7 (West 2020)) "as a counterclaim that would result in a final disposition of the case if decided favorably."

¶ 24    A party has an absolute right to voluntarily dismiss that party's claim prior to the hearing of that claim under section 2-1009(a) of the Code of Civil Procedure (735 ILCS 5/2-1009(a) (West 2009)), provided that the party complies with certain requirements. However, this provision

obviously applies only to the party's own claim, and thus a voluntary dismissal will not affect other parties' pending claims. The question of whether a filing qualifies as a counterclaim is a question of law, and thus we review the trial court's determination on this issue *de novo*. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006).

¶ 25 Here, the trial court found that, even if Jacob's motion for temporary parenting time could be considered a counterclaim that would survive Tiffany's voluntary dismissal of her own claim, that "counterclaim" had been resolved by the entry of several orders granting Jacob temporary parenting time with the minor child. The response filed by Jacob's counsel was filed early in the case, before any of these orders had been entered, and it thus did not address the effect of the orders granting temporary parenting time. And, as noted, Jacob does not raise any new argument before this court. He thus has forfeited any argument that the trial court erred in finding that his petition for temporary parenting time had been resolved and thus there was no longer any pending matter that survived the voluntary dismissal of Tiffany's claim. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (if a party does not offer any argument or meaningful authority in support of that argument, the argument is forfeited); *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56 (same).

¶ 26 Jacob's last argument on appeal is convoluted and difficult to discern, but it appears to revolve around the contention that the trial court did not hold an evidentiary hearing on the GAL's fee petition, thereby preventing him from making a case against the reasonableness and necessity of the fees. However, trial courts are not obliged to hold evidentiary hearings on all fee petitions, and the record does not reflect that Jacob ever objected to the GAL's fee petitions as unreasonable or unnecessary. If fees are uncontested, there is no reason for a hearing. Further, the record does not show that Jacob ever asked for such a hearing. As noted earlier, Jacob did not include a

transcript of the September 15, 2022, proceedings in the record on appeal. In any appeal, it is the responsibility of the appellant to supply a complete record sufficient to permit review of the issues it wishes to raise on appeal. *People v. Carter*, 2015 IL 117709, ¶ 19. In the absence of such a record, we must presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Koppel v. Michael*, 374 Ill. App. 3d 998, 1008 (2007) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). Any doubts that arise from the incompleteness of the record must be resolved against the appellant. *Carter*, 2015 IL 117709, ¶ 19. Jacob has not established that the trial court erred in determining the amount of GAL fees without an evidentiary hearing.

¶ 27                                     III. CONCLUSION

¶ 28    For the reasons stated, the judgment of the circuit court of Lake County is affirmed.

¶ 29    Affirmed.